**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JEREMIAH R. TENO**<br>   **LA. DOC #503411** | \* | **CIVIL ACTION NO. 2:18-cv-1538**<br>**SECTION P** |
| **VERSUS** | \* | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN WINN CORRECTIONAL**<br>**CENTER** | \* | **MAGISTRATE JUDGE KAY** |

### STATE'S  ANSWER  AND  OPPOSITION  TO

### APPLICATION  FOR  WRIT  OF  HABEAS  CORPUS

Arising in the 36th Judicial District Court

In and For the Parish of Beauregard

State of Louisiana

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Respectfully submitted
**JAMES R. LESTAGE**
**District Attorney**
Post Office Box 99
124 South Stewart Street
DeRidder, LA 70634
Telephone: (337) 463-5578
Facsimile:  (337) 462-6925

By: Richard A. Morton
First Assistant District Attorney
ramorton@bellsouth.net

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JEREMIAH R. TENO** | * | **CIVIL ACTION NO. 2:18-cv-1538** |
| **LA. DOC #503411** | | **SECTION P** |
| | | |
| **VERSUS** | * | **UNASSIGNED DISTRICTJUDGE** |
| | | |
| **WARDEN WINN CORRECTIONAL** | * | **MAGISTRATE JUDGE KAY** |
| **CENTER** | | |

### TABLE OF CONTENTS OF ANSWER

| **Contents** | **Page No.** |
|---|---|
| Table of Authorities ................................................... | i - iv |
| State's Answer to Petition and Memorandum ......................... | 1 |
| I.  Background | |
|     A.  Conviction ................................................ | 2 |
|     B.  Direct Appeal, Third Circuit .................................... | 3 |
|     C.  Direct Appeal, LA Supreme Court ......................... | 6 |
|     D.  Post Conviction Relief (**PCR I**) ........................... | 9 |
|     E.  Post Conviction Relief (**PCR II**) ........................... | 16 |
|     F.  Federal Habeas Petition .......................................... | 21 |
| II.  Legal Standards on Habeas Review | |
|     A.  Timeliness ................................................. | 22 |
|     B.  Exhaustion & Procedural Default ......................... | 23 |
|     C.  General Principles; Standards of Review ............... | 26 |
| III.  Legal Analysis | |
|     A.  Timeliness ................................................. | 27 |
|     B.  Exhaustion & Procedural Default .......................... | 29 |
|     C.  Consideration of Sole Viable Claim on Merits | |
|         "Other Crimes" Evidence .................................. | 32 |
|     D.  Discussion of Claim of Ineffective Assistance of | |
|         Trial Counsel on the Merits .................................. | 34 |
| Conclusion ................................................................ | 44 |
| Certificate of Service ................................................. | 45 |
| Index of Attachments ............................................. | A - D |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JEREMIAH R. TENO** | * | **DOCKET NO. 2:18-cv-1538** |
|    **LA. DOC #503411** | | **SECTION P** |
| | | |
| **VERSUS** | * | **UNASSIGNED DISTRICT JUDGE** |
| | | |
| **WARDEN WINN CORRECTIONAL** | * | **MAGISTRATE JUDGE KAY** |
| **CENTER** | | |


## TABLE OF AUTHORITIES

**UNITED STATES CONSTITUTION**

**Sixth Amendment** ........................................ 37, 42
**Fourteenth Amendment** .............................. 7, 18

**UNITED STATES CODE**

**Antiterrorism and Effective Death Penalty**
**Act of 1996 (AEDPA)** ......................... 38

**28 U.S.C. §2244(d)** ........... 23
**28 U.S.C. § 2244(d)(1)** ............. 22
**28 U.S.C. § 2244(d)(1)(A)** ............... 22
**28 U.S.C. § 2244(d)(2)** .................... 22
**28 U.S.C. §2254** ................. 1, 21, 38, 39, 42
**28 U.S.C. § 2254(b)(1)** ........... 24
**28 U.S.C. § 2254(d)** ................... 26, 33, 43
**28 U.S.C. 2254(d)(1)** ...................... 38, 39

**FEDERAL CASES; SUPREME COURT**

**Blockburger v. United States**, 284 U.S. 299,
304 52 S. Ct. 180, 182, 76 L. Ed. 2d 306 (1932) ........................................ 7

**Bell v. Cone**, 543 U.S. 447, 125 S.Ct. 847, 851,
160 L. Ed. 2d 881 (2005) ................................................................. 27

**Coleman v. Thompson**, 501 U.S. 722, 111 S.Ct. 2546, 2554,
115 L. Ed. 2d 640 (1991) ................................................................. 25

**Cullen v. Pinholster**, 563 U.S.170, 131 S. Ct.1388, 1398,
179 L. Ed. 2d 557 (2011) ................................................................. 39

**Early v. Packer**, 123 S.Ct. 362, 365 (2002) ................................................. 26

**Ex parte Royall**, 117 U.S. 241, 6 S.Ct. 734, 740-411,
29 L.Ed. 868 (1886) ................................................................. 24

**Harrington v. Richter**, 562 U.S. 86, 131 S.Ct. 770, 784,
178 L. Ed. 2d 624 (2011) ............................................................. 26, 38

**Harris v. Reed**, 489 U.S. 255, 109 S. Ct. 1038, 1043,
103 L. Ed. 308 (1989) ................................................................. 26

**Lafler v. Cooper**,  132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) ...................... 12, 35

**Mayle v. Felix**, 545 U.S. 644 (2005) ........................................................ 23

 **Murray v. Carrier**, 477 U.S. 478, 106 S.Ct. 2639,
91 L. Ed. 2d 397 (1986) ................................................................. 25

**Rice v. Collins**, 546 U.S. 333, 126 S.Ct. 969, 975,
163 L. Ed. 2d 824 (2006) ................................................................. 27

**Schriro v. Landrigan**, 550 U.S. 465, 473, 127 S. Ct. 1933,
167 L. Ed. 2d 836 (2007) ................................................................. 27

**Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984) ........................................................... 12, 20, 37

**Trest v. Cain**, 522 U.S. 87, 118 S.Ct. 478, 480,
139 L. Ed. 2d 444 (1997) ................................................................. 25

**Wood v. Allen**, 558 U.S. 290, 130 S.Ct. 841, 849,
175 L. Ed. 2d 738 (2010) ................................................................. 27
.

**Woodford v. Visciotti**, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) .............................................................. 42

**Yarborough v. Alvarado**, 541 U.S. 652, 654, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) .......................................................... 39

## FEDERAL CASES; OTHER

**Bledsue v. Johnson**, 188 F.3d 250, 254-255 (5th Cir. 1999) ........................ 25
**Brown v. Estell**, 701 F.2d 494, 495 (5th Cir. 1983) ..................................... 24
**Busby v. Dretke**, 359 F.3d 708, 718 (5th Cir. 2004) ................................... 25
**Corwin v. Johnson**, 150 F.3d 456, 471 (5th Cir. 1998) .............................. 26**,** 33**,** 38
**Cupit v. Whitley**, 28 F.3d 532, 535 (5th Cir. 1994) ..................................... 23
**Dilosa v. Cain**, 279 F2d 259, 262 (5th Cir. 2002) ......................................... 39
**Dupuy v. Butler**, 837 F.2d 699, 702 (5th Cir. 1988) .................................... 24
**Flanagan v. Johnson**, 154 F.3d 196, 199 n. 1 (5th Cir. 1998) ..................... 22
**Higgins v. Cain**, 720 F.3d 255, 261 (5th Cir. 2013 ..................................... 43
**Magouirk v. Phillips**, 144 F.3d 348, 357-59 (5th Cir. 1998) ....................... 23
**Melancon v. Kaylo**, 259 F.3d 401, 406 (5th Cir. 2001) ............................... 23
**Nobles v. Johnson**, 127 F.3d 409, 420 (5th Cir. 1997) ............................... 24
**Ott v. Johnson**, 192 F.3d 510, 512 (5th Cir. 1999) ...................................... 22
**Pape v. Thaler**, 645 F.3d 281, 288 (5th Cir. 2011) ....................................... 38, 40
**Rector v. Johnson**, 120 F.3d 551, 563 (5th Cir. 1997) ................................ 37
**Whitehead v. Johnson**, 157 F.3d 384, 387 (5th Cir. 1998) ......................... 24
**Wilder v. Cockrell**, 274 F.3d 255, 259 (5th Cir. 2001) ............................... 24
**Williams v. Thaler,** 684 F.3d 597, 604 (5th Cir. 2012) ............................... 39
**Wilson v. Foti**, 832 F.2d 891, 893-94 (5th Cir. 1987) ................................. 24

## LOUISIANA CONSTITUTION

**LSA-Const. Art. 5, § 5(a)** ............................................................ 24

## LOUISIANA REVISED STATUTES

**La. R.S. 14:2(B)(19)** ........ 12
**La. R.S. 14:37.4**.............................................................................. 2
**La. R.S. 14:94(F)**............................................................................2, 9, 11, 22, 30
**La. R.S. 14:95.1**.............................................................................. 2
**La. R.S. 15:529.1** ...........................................................................2

## LOUISIANA CODE OF CRIMINAL PROCEDURE

**Article 535(A)(5)** ............................................................................ 9
**Art. 858** ....................................................................................... 10
**Article 912(C)(1)** ......................................................................... 3
**Article 914(B)** .......................................................................... 3, 8
**Article 930.4(B)** ........................................................................... 9
**Article 930.8** ............................................................................... 3

## LOUISIANA CODE OF EVIDENCE

**Article 404B** ............................................................................... 4

## LOUISIANA STATE COURT RULES

**La. Sup. Ct. R. 10, §5(a)** ........................................................... 19

## LOUISIANA CASES

**State v. Chester**, 2015-2304 (La. 12/16/16), 208 So.3d 338 ........................19
**State v. J.E.D**., 2005-480 (La. App. 3 Cir. 6/29/05), 907 So.2d 921 ........... 8
**State v. Jupiter**, 05-869 (La. App. 5 Cir. 2/3/06), 922 So.2d 1245 ............. 8
**State v. Russell**, 14-841 (La. App. 5 Cir. 1/28/15), 167 So.3d 917 ............ 8
**State v. Steele**, 387 So.2d 1175 (La. 1980) ................................................. 7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JEREMIAH R. TENO** | * | **DOCKET NO. 2:18-cv-1538** |
| **LA. DOC #503411** | | **SECTION P** |
| | | |
| **VERSUS** | * | **UNASSIGNED DISTRICT JUDGE** |
| | | |
| **WARDEN WINN CORRECTIONAL CENTER** | * | **MAGISTRATE JUDGE KAY** |

**STATE'S ANSWER AND MEMORANDUM IN OPPOSITION**
**TO APPLICATION FOR WRIT OF HABEAS CORPUS**

This is in response to the application for a writ of habeas corpus filed pursuant to **28 U.S.C. §2254** by Jeremiah R. Teno, an inmate in the custody of the Louisiana Department of Public Safety and Corrections and incarcerated at the Winn Correctional Center in Winnfield, Louisiana. The petition was filed herein on November 26, 2018. By memorandum order signed on December 27, 2018, the District Attorney for the 36th Judicial District Court of Louisiana, in Beauregard Parish, (referred to herein as "Respondent" or "the State") was ordered to file an answer, memorandum of law, and all state court records within sixty days of service. This Order was received by the Louisiana Attorney Genera's Office on January 3, 2019, thus rendering the Respondent's answer do on or before March 4, 2019.

On February 19, 2019, Respondent filed a motion for an extension of time in which to comply with this Court's Order involving the subject petition for habeas corpus. On February 19, 2019, this Court granted the Respondent's motion by extending the date to file its answer

-1-

sixty days from the date the Order was signed, thus allowing the Respondent until <u>April 19, 2019</u>, to file its answer.  This pleading and the attached state court records are presented in an effort to respond to and comply fully with said federal court orders.

## I.  BACKGROUND

### A.  Conviction

The petitioner was charged by bill of information filed on <u>August 4, 2010</u>, in the State of Louisiana's Thirty-Sixth Judicial District Court, in and for Beauregard Parish, Louisiana, with three felony crimes, all alleged to have been committed on <u>June 15, 2010</u>: Count One, Possession of a Firearm by Persons Convicted of Certain Felonies, in violation of **La. R.S. 14:95.1**; Count Two, Illegal Use of Weapons or Dangerous Instruments, in violation of **La. R.S. 14:94(F)**; and Count Three, Aggravated Assault With a Firearm, in violation of **La. R.S. 14:37.4**.

Petitioner was arrested on <u>June 18, 2010</u>.  (R. 58)  The Beauregard Parish Indigent Defender Board (IDB) was appointed to represent Petitioner on <u>June 22, 2010</u>, with his initial assigned counsel being Mitchel M. Evans II.  (R. 55)  The case was reassigned by the IDB to counsel, Leslie R. Leavoy, Jr., on <u>September 17, 2010</u>, and Mr. Leavoy represented Petitioner through the remainder of all pre-trial and trial proceedings, and at all times pertinent hereto.

Petitioner was tried by a twelve-person jury in the 36th Judicial District Court in Beauregard Parish on <u>April 18 - 21, 2011</u>, (R. 18-34) and was found guilty on all three counts by unanimous verdicts (R. 33-34).  Thereafter he was billed as a fourth-felony habitual offender under Louisiana law, **La. R.S. 15:529.1** (R. 50-53).  An adjudication hearing was conducted on

August 1, 2011, at the conclusion of which the trial court took the matter under advisement (R. 36-37).  On December 15, 2011, Petitioner was adjudicated as a fourth-felony habitual offender and was sentenced to serve twenty-eight years on each of the three counts, with counts one and two to be served without benefit of parole, probation or suspension of sentence, and count three to be without probation or suspension of sentence; the three sentences were ordered to run concurrently with each other but consecutively to any other sentence to which Petitioner was still subject, and with credit for time served prior to imposition of sentence.  Further, petitioner was advised on the record of his right to file an application for post conviction relief (PCR) within two years pursuant to **Article 930.8 of the Louisiana Code of Criminal Procedure**.  (R. 42-43)

**B.  Direct Appeal; Louisiana Third Circuit Court of Appeal; Docket No. 12-357; (La. App. 3 Cir. 11/07/12), 101 So. 3d 1068; 2012 La. App. LEXIS 1398**

Petitioner's assigned counsel  *timely*  filed a motion for appeal and for designation of the record for appeal on January 3, 2012, and he was appointed counsel through the Louisiana Appellate Project on January 14, 2012.  (R. 341-344)  [**La. C.Cr.P. Arts. 912(C)(1)** and **914(B)** mandates a motion for appeal must be made no later than thirty days after rendition of the judgment (sentencing) or thirty days after the ruling on a motion to reconsider sentence, if one is filed.  This is applicable later herein.]   Petitioner's appeal counsel, Ms. Beth S. Fontenot, filed her brief at the Louisiana Third Circuit Court of Appeal on April 16, 2012 (R. 1052-1066).  Appeal counsel raised **two** assignments of error: **(1)** there was insufficient evidence to convict

Petitioner of Count Two, Illegal Use of Weapons; and **(2)** the trial court committed various errors when it imposed enhanced sentences on Petitioner.

The State filed its appeal brief on April 26, 2012, and conceded that only the sentence as to Count Two should have been enhanced under the **Habitual Offender Law (R.S. 15:529.1)**, but in all other respects the convictions and sentences should be affirmed.  (R. 1067-1071)

Petitioner filed his own pro se appeal brief and raised **four** assignments of error: **(1)** that he received ineffective assistance of counsel (sometimes referred to herein simply as **"IAC"**) at trial by Mr. Leavoy; **(2)** that the trial court erred in allowing into evidence at trial "other crimes" evidence under  **La. C.E. Art. 404B**; **(3)** that the trial court erred in admitting evidence at trial which was prejudicial or hearsay and/or for not granting his counsel's motion for mistrial, and also that there was insufficient evidence admitted at trial to support any of the three convictions; and **(4)** that the State failed to prove beyond a reasonable doubt that Petitioner had committed the three charged crimes.  (R. 1072-1087)  [Note: the date of filing of Petitioner's pro se brief at the Third Circuit is not clear, only the month of July is legible, but it was presumably filed in early July 2012, because Petitioner's certificate of service of said brief was dated June 25, 2012.]

On November 7, 2012, the Third Circuit rendered its judgment, affirming the convictions on all three counts, and affirming the adjudication of Petitioner as a fourth-felony habitual offender and the sentence of twenty-eight years on Count Two.  In that the State had not sought in its amended habitual offender bill of information the enhancement of the sentences on Counts One and Three, the Third Circuit vacated those enhanced sentences and remanded for re-sentencing on those two convictions.  (R. 1088-1103).

-4-

Petitioner was re-sentenced on Counts One and Three by the trial court on June 22, 2015. On Count One, he was re-sentenced to serve twenty years at hard labor without benefit of probation, parole, or suspension of sentence and a fine of $1,000.00. On Count Three, he was re-sentenced to serve five years at hard labor, with the sentences on all three counts running "concurrent with one another but consecutive as to any other that may be out there to be served." (R. court minutes, 1988; transcript, 1464-1468)

In further addressing the assignments of error raised by Petitioner, through counsel and pro se, the Third Circuit specifically addressed *in globo* the first assignment of error in Petitioner's counseled appeal brief, and assignments three and four of his pro se brief, insofar as they challenged the sufficiency of the evidence. The Court discussed the evidence admitted at trial and found there was sufficient evidence to support each of the three verdicts.

The Third Circuit took great care in addressing Petitioner's claims that his trial attorney, Mr. Leavoy, provided ineffective assistance of counsel. Petitioner, in his pro se brief (his appeal counsel did not allege ineffective assistance of counsel) cited three instances where his attorney was allegedly ineffective: **(1)** that Mr. Leavoy failed to seek appellate review of the trial court's denial of his request for a stay of the proceedings; **(2)** that Mr. Leavoy failed to seek the removal of a juror; and **(3)** that Mr. Leavoy failed to impeach the witnesses, Mr. Roman Johnson and Mr. Tervell Roberson.

While stating that ineffective assistance of counsel claims are typically more appropriately addressed in a PCR proceeding, the appeal court also noted that it can make a determination of an IAC claim if the record is sufficient. The Court did in fact consider and deny

Petitioner's claim that Mr. Leavoy was ineffective for not seeking the removal of a juror, Mr. Washington, during the trial.  The Court stated that Petitioner and his trial attorney, Mr. Leavoy, agreed that it could be beneficial to keep Mr. Washington as a juror, even though it was learned that he in fact knew one of the State's witnesses.  Based upon these facts being in the record, the Third Circuit denied this portion of the IAC claim.  It relegated the other two IAC issues raised by Petitioner in his pro se brief to PCR proceedings.  (R. 1099-1100)

The Third Circuit also addressed Petitioner's two pro se assignments of error concerning alleged improper evidence being introduced at his trial.  Regarding his complaint of improper "other crimes evidence" the Court found, even if it was error, that it was harmless error.  Concerning Petitioner's complaint about certain evidence being "prejudicial" the Court found that in fact the record showed that testimony was actually helpful, not prejudicial, to the Petitioner and accordingly found no merit in either part of this assignment of error.

**C.  Direct Appeal; Louisiana Supreme Court; Docket No. 2012-2652;**
**(La. 05/17/13), 117 So. 3d 510; 2013 La. LEXIS 1162**

Appeal counsel for Petitioner, Ms. Beth Fontenot, filed an application for writs of certiorari or review with the Louisiana Supreme Court on December 10, 2012.  (R. 1104-1186) A single assignment of error was alleged: that the Third Circuit violated Petitioner's *state* constitutional protection against **double jeopardy** when it affirmed Petitioner's Illegal Use of a Weapon conviction (Count Two) by relying upon the same evidence used to convict Petitioner of the separate offense of Aggravated Assault with a Firearm (Count Three).  Counsel only argued

Louisiana law, not federal law, pertaining to double jeopardy.  Specifically, counsel cited only Louisiana cases which apply a more liberal rule of *"same evidence"* analysis for double jeopardy than does federal law, which utilizes the "*Blockburger*" standard set forth by the United States Supreme Court in **Blockburger v. United States**, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). (R. 1109-1111)

Furthermore, this is not the same issue raised by appellate counsel in her brief to the Third Circuit, where she claimed that there was **insufficient evidence** to convict on Count Two. (R. 1061-1063) (The only other assignment of error raised by counsel at the Third Circuit pertained to sentencing issues.) (R. 1063-1065)  In her brief to the Third Circuit, Petitioner's counsel only argued in passing as part of the insufficient evidence assignment of error regarding Count Two that the same evidence used to convict on Count Three could not be used to support the conviction of Count Two, for that would constitute double jeopardy.  And in this regard she cited only state, not federal, constitutional law:  **State v. Steele**, 387 So.2d 1175 (La. 1980).  (R. 1063)  So appeal counsel's "insufficient evidence" assignment of error at the Third Circuit "morphed" into a "double jeopardy" assignment of error at the Louisiana Supreme Court. Accordingly, the issue of double jeopardy was never properly raised at the State's highest court since it had not been previously raised in the trial court, and likewise the assignment of error of insufficient evidence *based upon federal law* was abandoned at the state Supreme Court as well, and no "exhaustion" of that issue occurred.

Petitioner filed on <u>December 11, 2012</u>, a pro se brief at the Louisiana Supreme Court. (R. 1187-1196)  He urged only a single assignment of error in his brief (R. 1190), the same one that

-7-

he urged at the Third Circuit in his second assignment of error (R. 1075): that the State erred in introducing at trial Petitioner's photograph from a 2007 arrest, and that the Third Circuit also erred in it's conclusion that even if this was an error by the trial court, it constituted harmless error. None of the other errors assigned by Petitioner at the Third Circuit were presented to the Louisiana Supreme Court and therefore the Third Circuit's judgment as to those issues became final thirty days after the date of the Third Circuit's judgment dated November 7, 2012. The State did not file an opposition to either brief at the Louisiana Supreme Court.

As to the only issues raised by either Petitioner or his counsel (double jeopardy raised by Petitioner's appeal counsel, and the alleged improper use at trial of a photograph from his 2007 arrest raised in Petitioner's pro se brief) the Louisiana Supreme Court, without opinion, denied the writ application on May 17, 2013. (R. 1197) No further pleadings were filed in the direct appeal and no review was sought by the United States Supreme Court. Accordingly, Petitioner's judgment of conviction and sentence as to Count Two became final ninety days later, on August 17, 2013. His judgments of conviction and sentence as to Counts One and Three became final on July 22, 2015, thirty days after he was re-sentenced on those counts on June 22, 2015, since he filed no appeal or collateral attack on those two convictions and sentences. [**La. C.Cr.P. Art. 914(B)** mandates a motion for appeal to be filed within thirty days of sentencing. Once that time expired without an appeal, the judgments were final. **State v. J.E.D**., 2005-480 (La. App. 3 Cir. 6/29/05), 907 So.2d 921; **State v. Jupiter**, 05-869 (La. App. 5 Cir. 2/3/06), 922 So.2d 1245; and **State v. Russell**, 14-841 (La. App. 5 Cir. 1/28/15), 167 So.3d 917.]

**D.  Post Conviction Relief filed in the Trial Court on September 3, 2013   ("PCR  I")**

On September 3, 2013, Petitioner filed a pro se application for post conviction relief

(PCR) in the trial court, the 36th Judicial District Court in Beauregard Parish.  (R. 1198-1224)  He

asserted only  **two**  claims for relief:   **Claim 1**: that the trial court lacked jurisdiction to proceed

to trial on the merits for the "non-offense" of illegal use of a weapon under **La. R.S. 14:94(F)**, in

violation of Petitioner's **Fourteenth Amendment** right to due process; and  **Claim 2**: ineffective

assistance of counsel, consisting of **Claim 2A**, that he was denied the effective assistance of

*appellate*  counsel, and **Claim 2B**, that was denied effective assistance of  *trial*  counsel  by Mr.

Leavoy, specifically by providing Petitioner with erroneous legal advice which caused him to

reject the State's plea bargain offer and to go to trial. [Note: these are totally different  **IAC**

claims than those three asserted by him in his pro se brief in the direct appeal to the Third

Circuit.]

It should be noted that this was the first time that the substance set forth in  **Claim 1** was

raised.  **La. C.Cr.P. Art. 535(A)(5)** requires a motion to quash based upon either the assertion

that the indictment or information fails to charge an offense which is punishable under a valid

statute, or which asserts lack of jurisdiction, must be filed prior to commencement of trial.  No

such motion was ever filed and no objection was ever raised in the trial court prior to

commencement of trial.  Under **La. C.Cr.P. Art. 930.4(B)** "if the application alleges a claim of

which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to

conviction, the court shall deny relief."  This is a procedural default on this issue and this Court

should not consider it in these proceedings.

-9-

In **Claim 2A**, Petitioner asserted that his **appellate** counsel was ineffective for failing to appeal the denial of his motion for new trial.  This is flawed on its face because under **La. C.Cr.P. Art. 858,** there is no appellate or supervisory jurisdiction for the Louisiana appellate courts to review the granting or the refusal to grant a new trial, except for error of law.

In **Claim 2B**, Petitioner asserted that his **trial** counsel, Mr. Leavoy, gave him erroneous legal advice which caused Petitioner to reject the plea bargain offered by the State.   More specifically, he alleged that Mr. Leavoy assured him the State could not prove all of the elements of Count Two, Illegal Use of a Weapon, and further, Petitioner alleged that counsel assured him that if convicted of Count Two, his maximum sentence exposure would be thirteen and one-half years to forty years, when in fact his sentencing exposure was twenty years to life.  This latter argument is flawed on its face because he was sentenced to twenty-eight years, which is less than the (allegedly) "mistaken" advice of Mr. Leavoy who told him (supposedly) that he faced a maximum of forty years.

Prior to the trial court acting on his PCR application, Petitioner filed in the Louisiana Third Circuit Court of Appeal an application for writ of mandamus, seeking to have the trial court take action on his PCR action.  (R. 1240-1269) This action bears docket No. KH 13-1272 and was filed on November 6, 2013.  By ruling dated January 10, 2014, the Third Circuit granted Petitioner's writ application and ordered the trial court to rule on the application for PCR by February 10, 2014.  (R. 1270)

The trial court considered the issues asserted by Petitioner in his PCR application on the merits without consideration apparently of any procedural bars (as noted above) and denied those

claims without conducting an evidentiary hearing by Order filed on February 6, 2014.  (R. 1225-1226)  The trial court also filed on February 6, 2014, extensive written reasons for denying these PCR claims.  (R. 1227-1233)

As to **Claim 1**, the trial court found no merit in Petitioner's argument.  As the trial court noted, there are multiple ways the that the offense of Illegal Use of Weapons may be committed under  **La. R.S. 14:94**.  (The bill of information, page 44 of the Record herein, alleges the crimes were committed on June 15, 2010; the last revision of  **La. R.S. 14:94**  prior to that date was by **Acts 1995, No. 748**.)  The basic offense is defined in Paragraph A; the penalty for the first violation of the basic offense is set forth in Paragraph B; an enhanced penalty for a second or subsequent basic offense is contained in Paragraph C; Paragraph D provides for a cleansing period between a first and second or subsequent offense; Paragraph E sets forth an enhanced penalty for a violation of the statute with the additional elements of discharging a firearm from a motor vehicle located upon a public street or highway, where the intent is to injure, harm, or frighten another human being; and **Paragraph F** (applicable here) also sets out an enhanced penalty for a violation of the statute with the additional elements of  *discharging a firearm while committing, attempting to commit, conspiring to commit, or soliciting, coercing, or intimidating another person to commit  a crime of violence  or violation of the Uniform Controlled Dangerous Substances Law.*

The bill of information specifically alleged in Count Two that Petitioner committed the crime of Illegal Use of Weapons or Dangerous Instruments, by discharging a .40 caliber pistol (a firearm) while committing a crime of violence, to wit: Aggravated Criminal Damage to Property,

by damaging a structure owned by Auburn Place Apartment, wherein it was foreseeable human life might be endangered (a felony).  The jury instructions informed the jury of the crime alleged and the elements constituting the offense.  (R. 294-295)  Aggravated Criminal Damage to Property is defined as a crime of violence in Louisiana law under  **La. R.S. 14:2(B)(19)**. As the trial court noted the required elements constituting an enhanced violation as defined by **Paragraph F** of  **La. R.S. 14:94**  was properly alleged in the information, and as charged, provided for a sentence range of not less than ten nor more than twenty years at hard labor without parole, probation, or suspension of sentence.  (R. 1228)  The State submits that Petitioner's argument in this regard is nonsensical at best.

As to Claim 2 (both parts) the trial court first correctly cited the standards to be applied in assessing a claim of ineffective assistance of counsel, the bedrock of which is the two-prong test of  **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984).  In **Claim 2A**, Petitioner asserts that his appellate counsel was ineffective for not appealing the trial court's denial of his motion for new trial.  In his written reasons, the trial court found that neither of the two prongs of the **Strickland** test were met as to **Claim 2A**, in large part because under the law the trial court is given vast discretion in determining when a new trial should be granted. Even if an appeal of this issue had been pursued by Petitioner's appeal counsel, there is virtually no chance that any relief would have been granted by any appellate court.

As to **Claim 2B**, the trial court specifically considered this issue with reference to the United States Supreme Court holding in **Lafler v. Cooper**, 132 S.Ct. 1376 (2012) which the held that criminal defendants are entitled to effective assistance during plea bargain negotiations, a

-12-

critical stage of any criminal proceedings.  In **Lafler**, the high court held that counsel's

performance is deficient when counsel advises a defendant to reject a plea offer on grounds that

the defendant "could not be convicted at trial."  The trial court in the instant case (unlike in

**Lafler** where it was stipulated by all parties that trial counsel gave erroneous advice and caused

the defendant to reject a plea proposal and go to trial) found that there was no proof or showing

that Petitioner's trial counsel gave him any erroneous advice or any guarantee of an acquittal as

to Count Two if the case went to trial.

The trial court specifically found as a matter of fact and law that even assuming the

allegations of the PCR application were true, the claim was without merit and that an evidentiary

hearing was not necessary. (R. 1232)  The trial court noted that even if trial counsel

recommended going to trial, based upon counsel's analysis of the evidence and the law, the

decision to go to trial, rather than take the offered plea bargain, was ultimately made by the

Petitioner and was not based upon any guarantee of an acquittal.  In other words, Mr. Leavoy was

properly doing his job as a defense attorney to analyze the law and the evidence and to

recommend to his client what Mr. Leavoy believed was in Petitioner's best interest.

As to Petitioner's argument that his trial counsel also gave erroneous advice as to his

sentencing exposure as a third-felony habitual offender, this was based upon the facts known to

Mr. Leavoy.  On the other hand, Petitioner himself knew that he had three, rather than just two,

prior felony offenses, and never informed his attorney of those facts.  It was only after the State

discovered that Petitioner had a third prior felony conviction and amended the habitual offender

bill of information to charge Petitioner as a fourth-felony offender, rather than a third, did this

information come to his trial counsel's attention.  And as the trial court noted, regardless of whether Petitioner was informed of his maximum exposure as a third or fourth-felony habitual offender, Petitioner was still ultimately sentenced to *LESS THAN* the maximum that he faced even as a third-felony habitual offender and thus no prejudice was demonstrated.  Again, the trial court found no showing of ineffective assistance of counsel, by either Petitioner's trial or appellate counsel, and also found no need for an evidentiary hearing based upon the allegation of the PCR application, and PCR was denied.

Following the denial of his PCR action in the trial court, Petitioner filed on February 19, 2014, his notice in the trial court of his intent to seek writs for the review of his PCR denial, and the trial judge set the return date on April 22, 2014.  (R. 1234-1239)  Petitioner timely filed his writ application on March 18, 2014, at the Third Circuit, which action bears docket No. KH 14-309  (R. 1271-1329 )  In this application, Petitioner asserted a **single** assignment of error, consisting of two parts, to-wit: that he was denied the effective assistance of counsel by his **trial** counsel, Mr. Leavoy.

Specifically, Petitioner alleged first that "based upon defense counsel erroneous legal advice, in applying the incorrect legal rule, Relator rejected the State's plea bargain offer and proceeded to trial."  The alleged "erroneous legal advice" by Mr. Leavoy was that the prosecution would not be able to establish the essential element (that he committed the offense of aggravated criminal damage to property) necessary in order to obtain a conviction on Count Two of the illegal use of weapons charge. (R. 1280) Second, Mr. Leavoy assured Petitioner that even if convicted, his maximum sentencing exposure would be thirteen and one-half years to forty years

-14-

(as a third-felony offender) when in fact his maximum sentencing exposure (as a fourth-felony offender) was twenty years to life imprisonment. (R. 1281) In his application, Petitioner also argued that the trial court committed error by denying his PCR application without affording him an evidentiary hearing. (R. 1284)

By judgment of the Third Circuit dated May 15, 2014, the court denied his writ application because "the application does not contain a transcript of the proceeding held on April 18, 2011, at which the Relator announced his intention to reject the plea agreement offered by the State and, instead, opt for a trial by jury. Accordingly, the Relator's writ application is denied on the showing made." (R. 1330)

On June 3, 2014, Petitioner filed an application for writs with the Louisiana Supreme Court, in the matter bearing Docket No. 14-KH-1158. (R. 1331- 1416) He assigned **three** errors in the lower courts: (1) that the Third Circuit erred in not considering his writ application in No. 14-309, based upon his failure to file a transcript of his aborted plea bargain on April 18, 2011; (2) that he was denied the effective assistance of counsel at trial, in the same two parts as previously asserted in his PCR application and at the Third Circuit; and (3) that the trial court misapplied well established law as determined by the United States Supreme Court in **Lafler v. Cooper**.

The State of Louisiana, through the office of the district attorney in Beauregard Parish, filed on March 13, 2015, an opposition brief with the Louisiana Supreme Court, contesting the assertions of Petitioner's writ application in their Docket No. 14-KH-1158. (R. 1417-1437) It

attached to its opposition brief exhibits which specifically contradicted the allegations Petitioner

was making about his desire to go to trial, rather than to accept the plea proposal from the State.

By ruling dated March 27, 2015, the Louisiana Supreme Court granted Petitioner's writ

application. (R. 1438-1439) The Court specifically ruled that the action for PCR should be

remanded to the trial court for an evidentiary hearing on Petitioner's claim that his trial counsel,

Mr. Leavoy, gave erroneous legal advice which caused him to withdraw from a plea bargain with

the state, and to go to trial. The Court also directed the trial court to appoint counsel for

Petitioner in the evidentiary hearing. There was nothing in the ruling which indicated this claim

was deemed worthy on the merits by the Supreme Court, but rather only that Petitioner was

entitled to a hearing in the trial court on his allegations.


### E. Post Conviction Relief; Evidentiary Hearing on April 26, 2016 ("PCR II")

On March 31, 2015, the trial court ordered an evidentiary hearing in accordance with the

Supreme Court's judgment (thus commencing Phase Two of the post conviction proceedings,

referred to herein as **PCR II**). The court set a hearing on June 22, 2015, and ordered the 36th

Judicial District (Beauregard Parish) Public Defender Office (PDO) to represent Petitioner and to

assign the case to "outside conflict counsel." Mr. Michael McHale from Calcasieu Parish was

retained for Petitioner by the Beauregard Parish PDO to avoid any conflict of counsel issues. (R.

1440-1442) In anticipation of the PCR evidentiary hearing, the State had prepared and filed into

the trial court suit record on or about June 17, 2015 (see Court Reporter's certificate, R. 1454)

the transcript of Petitioner's aborted entry of his plea agreement with the State, conducted on

-16-

April 18, 2011.  The transcript clearly shows that the entry of the guilty plea was terminated by the Petitioner and not by his attorney, Mr. Leavoy.  (R. 1443-1454)

On June 22, 2015, the State filed a motion in limine regarding the waiver of Petitioner's attorney-client privilege, to allow the district attorney to have discussions with Petitioner's trial counsel, Mr. Leavoy, and the PDO investigator, Mr. Paul Lopez, prior to the hearing and to call them during the hearing to testify about all matters raised in Petitioner's PCR application.  (R. 1455-1459)  A transcript of the proceedings conducted on June 22, 2015, is included herein.  (R. 1460-1471)  Petitioner was present with his counsel, Mr. McHale, and indicated to the trial court that there was no objection to the waiver of any attorney-client privilege between he and Mr. Leavoy or his investigator, Mr. Lopez.  Also, at this time the Petitioner was re-sentenced, as previously ordered by the Third Circuit in the direct appeal, on Counts One and Three. (R. 1464-1467)  Finally, the actual PCR evidentiary hearing was continued to August 3, 2015, to allow Petitioner's counsel more time to prepare for the hearing.  The hearing was continued at least twice more and was eventually conducted on April 26, 2016.

A transcript of the PCR evidentiary hearing on April 26, 2016, was prepared and is filed herein.  (R. 1472-1585)  Several witnesses were called to testify, including the Petitioner.  Several exhibits were also introduced at the hearing.  (R. 1596-1640)  At the conclusion of the hearing, the trial court denied Petitioner's claims, finding no evidence beyond the Petitioner's own self-serving statements that Mr. Leavoy had given erroneous legal advice or had advised Petitioner to withdraw from the plea agreement with the State and go to trial.  (R. 1586-1592)  A

-17-

written judgment denying PCR was prepared and filed in the record on May 9, 2016, and signed by the trial court on May 10, 2016. (R. 1593-1595)

On June 30, 2016, Petitioner filed at the Third Circuit a writ application in **PCR II**, which was given Docket No. KH16-555. (R. 1641- 1668)  Initially in this writ application, the Petitioner made **three** assignments of error, all alleging violations of his **14th Amendment** Due Process Rights: (1) that the trial court erred in denying him an opportunity to present argument and evidence of the defense lawyer (Mr. Leavoy's) actions;  (2) that the trial court erroneously misapplied the rule of law found in **LaFler v. Cooper**, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and thus violated his rights to due process and equal protection guaranteed by the United States Constitution; and (3) that the trial court erred in denying his claim of ineffective assistance of counsel and thus violated his federal and state constitutional rights. (R. 1650)  Later in the same writ application, Petitioner raised under the section, "Claims For Relief" (R. 1657) the same claims set forth in the original PCR application: lack of jurisdiction to convict of a "non-crime" and ineffective assistance of counsel by both his **appellate** counsel and his **trial** counsel.

Petitioner attached a list of nine exhibits to his writ application to the Third Circuit. (R. 1669) and the exhibits are included herein.  (R. 1669-1840)  The exhibits include Petitioner's notice of intent to seek writs from the trial court's denial of PCR on April 26, 2016, which was filed on May 10, 2016, with the initial return date set on June 10, 2016, and a motion for extension of return date filed on June 7, 2016, with a new return date set on July 1, 2016.  (R. 1835-1840)  Accordingly, it appears this writ application was timely filed at the Third Circuit.

The State filed an opposition brief with the Third Circuit on <u>July 21, 2016</u>.  (R. 1842-1857) together with several exhibits and the items of evidence introduced by the parties at the PCR evidentiary hearing conducted on <u>April 26, 2016</u>.  (R. 1858-1943)  Petitioner filed a reply brief in response to the State's opposition brief on <u>August 15, 2016</u>.  (R. 1944-1952)

By judgment of the Third Circuit in Docket No. 16-555, dated **February 16, 2017**, the Court denied Petitioner's application for writs as follows: "WRIT DENIED: There was no error in the trial court's <u>April 26, 2016</u>, denial of Relator's claim that trial counsel rendered ineffective assistance of counsel."  There was no further opinion or reasons from the Third Circuit in this application for review of  **PCR II**.

On **May 5, 2017**, Petitioner filed an ***untimely***  pro se "Application For Certiorari" at the Louisiana Supreme Court. (R. 1953)  According to his "Writ Application Filing Sheet" Petitioner was seeking review of the trial court's judgment dated <u>April 26, 2016</u>, and the Third Circuit's judgment dated <u>February 16, 2017</u>.  Under the Rules of the Louisiana Supreme Court, Petitioner had thirty days from the ruling by the Third Circuit to file his application at the Supreme Court. **La. Sup. Ct. R. 10, §5(a)**; see also: **State v. Chester**, 2015-2304 (La. 12/16/16), 208 So.3d 338. In that he failed to do so, his writ application was untimely.  This has two distinct impacts on the pending federal habeas action: (1) this impacts the timeliness of the filing of the habeas action, which is addressed below; and (2) the issues raised in this writ application were not properly presented, considered, or ruled upon by the state's highest court, and thus Petitioner failed to exhaust his state remedies as to those issues.

In his writ application to the Louisiana Supreme Court, Petitioner assigned **two** errors: (1) that the Third Circuit erred in interpreting and/or applying the law and its decision will cause material injustice or significantly affect the public interest; and (2) the Third Circuit erred in sanctioning the trial court's decision of a significant issue of law which has not been, but should be, resolved by this Court. His summary of argument was very brief: "Jeremiah R. Teno, Relator, was stifled from testifying as to the effectiveness of Leslie R. Leavoy's representation. Therefore, Relator was prohibited from providing a sufficient factual basis to substantiate his claim." In his full argument portion of the brief, it is impossible to ascertain Petitioner's specific allegations as to exactly how Mr. Leavoy was ineffective, in light of the evidence offered at the PCR evidentiary hearing conducted on April 26, 2016.

Petitioner had previously asserted, incorrectly, that he wanted to accept the State's plea proposal and avoid a trial. In the evidentiary hearing, just the opposite was proven to be the case. Everyone *other than* the Petitioner who testified at the hearing, including Mr. Leavoy, proved that Mr. Leavoy and others had actually encouraged Petitioner to accept the State's plea bargain offer. It was made clear to Petitioner that he would be charged as a third-felony habitual offender if he insisted on going to trial and was found guilty of a felony crime. It was clearly shown that Petitioner himself decided to go to trial because he did not want to face the consequences of his criminal behavior. The State's proposal was ten years in prison and he refused to take that offer. There was never a guarantee by Mr. Leavoy that Petitioner would not be convicted if the case went to trial. So as a matter of findings of fact by the trial court, at the hearing on April 26,

-20-

2016, Petitioner failed to establish the facts which would support a finding of ineffective assistance of counsel by Mr. Leavoy.  The State did not file an opposition to this applicaton.

On August 3, 2018, the Louisiana Supreme Court denied Petitioner's writ application, with a very brief per curiam opinion which simply stated: "Denied. Relator fails to show that he received ineffective assistance of counsel under the standard of **Strickland v. Washington**, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The Court went on to state that Petitioner had fully litigated his application for PCR claims in state court, and unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review." (R. 1969-1970)

Following this action by the Louisiana Supreme Court, Petitioner herein filed his federal habeas corpus petitioner on November 26, 2018.

### F.  Federal Habeas Petition

Petitioner filed his instant petition for writ of habeas corpus pursuant to **28 U.S.C. §2254** on <u>November 26, 2018</u>.  He urges the following **seven** claims, as set forth with particularity in his Memorandum (Document 1-1 herein, beginning at page 7):  (1) **insufficient evidence** to support a conviction for Count Two of the information, illegal use of weapons, which he in argument "morphs" into a **double jeopardy** argument; (2) insufficient evidence to prove *beyond a reasonable doubt* any of the three counts against him; (3) unlawful use of a prejudicial statement was used against him at trial; (4) the trial court lacked subject matter jurisdiction as to Count Two of the information, which charged him with illegal use of weapons, which Petitioner

-21-

alleges is a "non-offense" as charged under **La. R.S. 14:94(F)**; (5) unlawful use of "other crimes" evidence against Petitioner at trial; (6) Petitioner alleges in the heading (page 20) that he was denied effective assistance of **appellate** counsel, but in the argument he refers only to alleged deficient performance of his **trial** counsel; and (7) ineffective assistance of **trial** counsel, based solely upon the alleged failure of his trial counsel to inform him how much "good time diminution of sentence" he would receive if he accepted the plea proposal by the state. As to this last claim, this is the first time Petitioner has alleged this particular factual basis for his ever-changing claim of ineffective assistance of counsel at trial. In that it was not previously raised, it clearly has not been exhausted by review of the state's highest court.

## II.  LEGAL STANDARDS ON HABEAS REVIEW

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. **28 U.S.C. § 2244(d)(1)**. This period generally runs from the date that the conviction becomes final. **28 U.S.C. § 2244(d)(1)(A)**. The time during which a *properly-filed* (emphasis added) application for post-conviction relief is pending in state court is not counted toward the one-year limit. **28 U.S.C. § 2244(d)(2)**; *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's ***timely filing*** (emphasis added) for review at the next level of state consideration.  **Melancon v. Kaylo**, 259 F.3d 401, 406 (5th Cir. 2001).  The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application.  **Mayle v. Felix***, 545 U.S. 644 (2005).  Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of **28 U.S.C. §2244(d)** the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which ***properly-filed*** (emphasis added) petitions for post conviction relief or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B.  Exhaustion of State Court Remedies and Procedural Default

Before proceeding to the merits of the issues raised in the habeas petition, and **ONLY** in the event that the State's express objection to the timeliness of the filing of the habeas is overruled, then the Court should consider the doctrines of exhaustion of state court remedies and procedural default.  While it is conceded that exhaustion and procedural default are both affirmative defenses that may be considered waived by the State if not raised in its responsive pleadings under **Cupit v. Whitley***, 28 F.3d 532, 535 (5th Cir. 1994) the State respectfully suggests that the federal district court ***may*** also consider both doctrines on its own motion under **Magouirk v. Phillips***, 144 F.3d 348, 357-59 (5th Cir. 1998).  Therefore, the State urges the Court

-23-

to apply these legal defenses to all claims asserted by petitioner whether expressly raised by the State or not.

**1.  Exhaustion of State Court Remedies**

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition.  **28 U.S.C. § 2254(b)(1)**;  **Whitehead v. Johnson**, 157 F.3d 384, 387 (5th Cir. 1998).  This is a matter of comity.  **Ex parte Royall**, 117 U.S. 241, 6 S.Ct. 734, 740-411, 29 L.Ed. 868 (1886).  In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts."  **Wilder v. Cockrell**, 274 F.3d 255, 259 (5th Cir. 2001); **Dupuy v. Butler**, 837 F.2d 699, 702 (5th Cir. 1988).  Each claim must be presented to the state's highest court, even when review by that court is discretionary.  ***Wilson v. Foti***, 832 F.2d 891, 893-94 (5th Cir. 1987).  Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition.  ***Brown v. Estell***, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana, the highest court is the Louisiana Supreme Court.  *See:* **LSA-Const. Art. 5, § 5(a)**.  Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a ***procedurally correct manner***, supported by the legal theories and factual allegations that he raises now.  **Nobles v. Johnson**, 127 F.3d 409, 420 (5th Cir. 1997).

-24-

## 2.  Procedural Default

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence.  **Coleman v. Thompson**, 501 U.S. 722, 111 S.Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991).  Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding.  **Murray v. Carrier**, 477 U.S. 478, 106 S.Ct. 2639, 91 L. Ed. 2d 397 (1986).  This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism.  **Trest v. Cain**, 522 U.S. 87, 118 S.Ct. 478, 480, 139 L. Ed. 2d 444 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's federal constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal (sometimes referred to as "traditional" procedural default; to serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied."  **Busby v. Dretke**, 359 F.3d 708, 718 (5th Cir. 2004))  **or**  (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred (sometimes referred to as "technical" procedural default).  In either instance, the petitioner is considered to have forfeited his federal habeas claims.  **Bledsue v. Johnson**, 188 F.3d 250, 254-255 (5th Cir. 1999).  The

grounds for procedural default must be based on the actions of the last state court rendering a judgment. **Harris v. Reed***, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 308 (1989).

### C. General Principles; Standards of Review

When a state court adjudicates a petitioner's claim on the merits, the federal courts should review such ruling under the deferential standard of **28 U.S.C. § 2254(d)**; **Corwin v. Johnson**, 150 F.3d 456, 471 (5th Cir. 1998). **28 U.S.C. § 2254(d)** provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, **or** (2) based on an unreasonable determination of the facts in light of the evidence before the state court. **28 U.S.C. § 2254(d)**.

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. **Early v. Packer***, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." **Harrington v. Richter***, 562 U.S. 86, 131 S.Ct. 770, 784, 178 L. Ed. 2d 624 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme

Court precedent and arrives at a [contrary] result . . . ." **Bell v. Cone**, 543 U.S. 447, 125 S.Ct. 847, 851, 160 L. Ed. 2d 881 (2005).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." **Schriro v. Landrigan**, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." **Wood v. Allen**, 558 U.S. 290, 130 S.Ct. 841, 849, 175 L. Ed. 2d 738 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. **Rice v. Collins**, 546 U.S. 333, 126 S.Ct. 969, 975, 163 L. Ed. 2d 824 (2006).

### III. LEGAL ANALYSIS

The State urges the Court to consider issues of timeliness, failure to exhaust state court remedies, and procedural default before reaching the merits of petitioner's claims.

#### A. Timeliness

The State urges that the petition for habeas corpus was not timely filed under federal law, as shown hereinabove. Insofar as the conviction and sentence on Count Two, illegal use of weapons for which he was sentenced to serve twenty-eight years as a fourth-felony habitual offender, his "judgment" became final on August 17, 2013. Insofar as Counts One and Two, his

convictions were affirmed but he was required to be re-sentenced on those two counts, and this occurred on June 22, 2015.  In that no appeal or other attack was made upon those sentences, those "judgments" became final on July 21, 2015, with the expiration of the delays for appeal. These different dates by which his judgments on all three counts became final have no bearing on the State's argument concerning an untimely filing of Petitioner's habeas corpus action herein.

Petitioner properly and timely filed his PCR action in the 36th Judicial District Court on September 3, 2013.  This tolled the one-year time period for filing his habeas action.  The PCR action proceeded timely and properly throughout the "first round" and into the "second round" following the Louisiana Supreme Court's remand for an evidentiary hearing.  This was conducted and the trial court again denied Petitioner's PCR claims on April 26, 2016.  He then timely and properly sought PCR review at the Third Circuit, which denied his writ application on February 16, 2017.

From February 16, 2017,  Petitioner had thirty days to seek review at the Louisiana Supreme Court by properly and timely filing a writ application for review.  He had until March 18, 2017, in which to file such a writ application.  The record herein clearly shows he did not file his writ application until **May 5, 2017**, long after the expiration of the time limit.  Accordingly, the federal habeas clock began to run on the date of **March 19, 2017**, and continued to run until he filed his habeas petition on **November 26, 2018**.  This was a period of **618 days**, or **one year, eight months, and eight days**.  Petitioner's habeas corpus action was untimely filed and should be dismissed with prejudice in its entirety.

**B. Exhaustion of State Court Remedies and Procedural Default**

Petitioner urges the following **seven** habeas claims, each of which will be addressed for exhaustion and procedural default in the order as set forth in his habeas Memorandum:

(1) **Insufficient evidence** to support a conviction for Count Two of the information, illegal use of weapons, which in argument he "morphs" into a **double jeopardy** argument.  There was no exhaustion of this issue, as to Count Two of the information, in that on the direct appeal to the Louisiana Supreme Court, appellate counsel for Petitioner changed the argument from one of **insufficient evidence** at the Third Circuit to one of **double jeopardy** at the Supreme Court. Counsel abandoned the **sufficiency argument** at the Supreme Court.  (Petitioner acknowledged this in his PCR application, wherein he stated that on direct appeal: *"The petition sought writs in the Louisiana Supreme Court, which was denied on counsel's argument of double jeopardy on certiorari."* R. 1219.)  **Sufficiency of evidence** was not raised at all in the Louisiana Supreme Court in the context of the  **PCR I** or **II** proceedings.  There was no exhaustion of this habeas claim at the state's highest court.

(2) **Insufficient evidence** to prove  *beyond a reasonable doubt*  any of the three counts against him.  Neither appellate counsel in the direct appeal nor Petitioner in his pro se direct appeal to the Louisiana Supreme Court raised sufficiency of evidence to convict on Counts One or Three. Sufficiency of evidence was not raised at the Louisiana Supreme Court in the context of the PCR

proceedings (in either I or II).  There was no exhaustion of this habeas claim at the state's highest court.

(3) **Unlawful use of a prejudicial statement against him at trial.**  This claim was contained in Petitioner's pro se brief on direct appeal to the Third Circuit, but not contained in his writ application to the Supreme Court, and it was not part of counsel's direct appeal to the Third Circuit or the Supreme Court.  Likewise, this claim was not raised in PCR.  There was no exhaustion of this habeas claim at the state's highest court.

(4) **The trial court lacked subject matter jurisdiction as to Count Two of the information**.  Petitioner argued that Count Two of the bill of information charged him with illegal use of weapons under **La. R.S. 14:94(F)**, which Petitioner alleges is a "non-offense" as charged.  This issue was raised in lower court filings in both the direct appeal and the PCR I, but in neither context was this claim presented to the Louisiana Supreme Court for consideration.  There was no exhaustion of this habeas claim at the state's highest court.  Furthermore, Petitioner procedurally defaulted on this claim by not timely filing a pre-trial motion to quash raising the issue of a deficient information or lack of jurisdiction.

(5) **Unlawful use of "other crimes" evidence against Petitioner at trial.**  This issue was raised by Petitioner in his pro se direct appeal brief to the Third Circuit and to the Louisiana Supreme Court, and thus was exhausted.  The Third Circuit addressed this assignment of errors in the

direct appeal, and denied relief, finding that even if there was an error as a matter of law, it was a harmless error.  The Supreme Court denied his writ of review without an opinion. This issue was not raised in the PCR proceedings.  The merits of this claim will be addressed below.

(6) **Ineffective assistance of counsel.**  Petitioner alleges in the heading of this claim that he was denied effective assistance of **appellate**  counsel, but in the argument he refers only to alleged deficient performance of his **trial** counsel.  Neither appellate counsel nor Petitioner made a claim of IAC in the direct appeal to the Louisiana Supreme Court.  IAC was the main thrust of Petitioner's application for PCR, alleging that both his trial and appeal counsel were ineffective for specific alleged deficiencies.  However, following the evidentiary hearing in **PCR II**, Petitioner sought review at the Louisiana Supreme Court only as to the *procedural objection* that at the hearing he was "stifled" from presenting evidence which he sought to introduce.  More specifically, Petitioner sought to introduce evidence at the hearing about Mr. Leavoy's disciplinary proceedings at the Louisiana Supreme Court pertaining to alcohol abuse and an arrest for DWI.  These were matters which had not be pleaded in his PCR application and were too remote and speculative regarding Petitioner's criminal case and trial, and thus were deemed inadmissible.  This was one of the many changes in the factual bases for his overall claim of IAC by his trial counsel.  The merits of his claim of trial counsel IAC was not fairly presented in a cogent argument to the Louisiana Supreme Court in Docket No. 2017-0740.   There was no exhaustion of this habeas claim at the state's highest court.

Case 2:18-cv-01538-JDC-KK   Document 15   Filed 04/20/19   Page 38 of 55 PageID #: 429

(7) **Ineffective assistance of counsel.**   This last habeas claim of IAC was based solely upon the alleged failure of his trial counsel to inform him how much "good time diminution of sentence" he would receive if he accepted the plea proposal by the state.  As to this last claim, this is the *very first time*  that Petitioner has alleged this particular factual basis for his ever-changing claim of ineffective assistance of counsel at trial.  In that it was not previously raised, it clearly has not been exhausted by review of the state's highest court and he has procedurally defaulted on this claim by not raising this issue prior to the filing of his federal habeas petition.

In order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the same legal theories and factual allegations that he raises now in his habeas petition.  As shown above, the  *only*  claim made in a procedurally correct manner by petitioner or on his behalf to the Louisiana Supreme Court was Claim 5, pertaining to his opposition to the introduction of "other crimes" evidence, a photograph from a 2007 arrest.

**C.  Consideration of Sole Viable Claim on the Merits**:  **Improper Admission of "Other Crimes" Evidence.  (Claim 5 of the Habeas Petition)**

This issue was raised on direct appeal by Petitioner in his pro se brief to the Third Circuit Court of Appeals.  That Court issued an opinion that addressed the merits of this assignment of error.  (R. 1100-1101)  The Court noted that Petitioner claimed it was error for the trial court to allow the introduction of a photograph of him in possession of a firearm at a club in Calcasieu

Parish on July 8, 2007 (being evidence of a prior unrelated "other crime").  The State brought up the photograph during the cross-examination of the Petitioner, who elected to testify at his trial.  In fact, Petitioner admitted that was him in the photograph and that he did a stupid thing by having any involvement with the firearm.  The Court even noted that Petitioner joined in the motion to publish the photograph to the jury.

The Third Circuit did not specifically and clearly rule that the introduction of the photograph at trial was an error by the trial court.  Rather, the Third Circuit simply cut the discussion short by finding that even if it was a legal error (without specifying what error it may have been) that it was clearly a  *harmless error*  in light of all of the other overwhelming evidence of defendant's guilt which was lawfully introduced at the trial.  The Third Circuit did specifically find that the guilty verdicts in the case were "not attributable to the (alleged) error in light of the other evidence of guilt."  Petitioner sought review of this ruling in his direct appeal in his pro se application and brief to the Louisiana Supreme Court, which simply denied writs.

The state court decision of the Third Circuit on this issue constituted a considered ruling on the merits as a matter of both law and fact.  Accordingly this Court should review this decision under the deferential standard of  **28 U.S.C. §2254(d)**; **Corwin v. Johnson**, 150 F.3d 456, 471 (5th Cir. 1998).  Relief should not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law; or (2) based on an unreasonable determination of the facts in light of the evidence before the state court.  **28 U.S. C. 2254(d)**.  Petitioner has failed to show that the trial court's ruling which allowed the State to introduce the evidence in

-33-

question, as affirmed by the higher state courts, was contrary to any United States Supreme Court precedent or based upon an unreasonable determination of the facts.  Relief on this claim should clearly be denied.

**D.  Discussion of Claim of Ineffective Assistance of Trial Counsel on the Merits.**

In the event this Court determines that this claim was fairly presented to the Louisiana Supreme Court following the PCR evidentiary hearing and overrules the State's assertion that this claim was not exhausted, the State maintains there is no merit or factual basis whatsoever to any of his various claims associated with this IAC claim.  Petitioner initially alleged in his direct appeal pro se brief to the Third Circuit that his trial counsel, Mr. Leavoy, was ineffective for three reasons:  **(1)** that Mr. Leavoy failed to seek appellate review of the trial court's denial of his request for a stay of the proceedings;  **(2)** that Mr. Leavoy failed to seek the removal of a juror; and **(3)** that Mr. Leavoy failed to impeach the witnesses, Mr. Roman Johnson and Mr. Tervell Roberson.  The Third Circuit denied relief on the issue concerning the removal of a juror and declined to rule on the other two issues, allowing Petitioner to raise those in a PCR application. (R. 1099-100)  As already noted, neither appeal counsel nor Petitioner in his pro se application for writs, sought review of any IAC claim on direct to the Louisiana Supreme Court.

When Petitioner filed his PCR application, the factual bases for the IAC claim were not those contained in his pro se appeal brief to the Third Circuit.  He was then attacking both his **appeal** counsel (**Claim 2A**) and his **trial** counsel, Mr. Leavoy (**Claim 2B**).  (R. 1210; 1215-1219)  Specifically, Petitioner alleged that he rejected the State's plea offer, after his attorney,

Mr. Leavoy, based upon "erroneous legal advice" convinced him that "(1) his maximum sentencing exposure was thirteen and one-half to forty years if convicted; and (2) defense counsel assured Petitioner that (the) State would be unable to establish the element of (Aggravated Criminal Damage to Property) on the offense of Illegal Use of a Firearm; based off of there being no evidence to support that allegation." (R. 1219)  While Petitioner cited numerous state and federal cases in support of this claim, he relied heavily upon the recent case of **LaFler v. Cooper**, 132 S.Ct. 1276, 182 L.Ed.2d 398 (3/21/2012).  Petitioner hitched his wagon (his IAC claim against Mr. Leavoy) to this single horse (**LaFler**) and attempted to then "fashion" the facts of his claim to mirror the facts found in the  LaFler case.  (See repeated cites to LaFler case at R. 1217-1219.)  At page 12 of his PCR memorandum:  *"The facts in this instant case are glaringly similar to the facts in **LaFler**. . . The Sixth Circuit affirmed.  Applying **Strickland**, it found that counsel had provided deficient performance by advising respondent of an incorrect legal rule, and that respondent suffered prejudice because he lost the opportunity to take the more favorable sentence offered in the plea."  (R. 1218)*

The  **HUGE DISTINCTION**  between the facts in the **LaFler** case and the facts of the instant case, is that it was conceded by the prosecution in **LaFler** that defense counsel gave erroneous advice to the defendant, LaFler, and he turned down a plea bargain because of that bad advice, whereas, in the present case, there is absolutely **NO** proof that Mr. Leavoy gave Petitioner, Jeremiah Teno, **ANY** bad or erroneous advice, much less any "assurance" or guarantee, about winning or losing on his three felony counts if he went to trial.  Likewise there is **NO** evidence that Petitioner rejected the plea bargain based upon **ANY** advice from Mr.

Leavoy.  Instead, the evidence at the PCR evidentiary hearing showed just the **OPPOSITE** was true.  It was Petitioner and Petitioner **ALONE** that decided to reject the plea bargain proposal from the State and to continue the case through trial and to let the jury decide his fate.  Clearly there was no proof whatsoever of any attorney-deficiency by Mr. Leavoy, and thus the first and critical component of the **Strickland** analysis does not exist in this case.

Petitioner continued to modify the factual basis of his IAC claim involving Mr. Leavoy's representation of him at trial.  At no time prior to the evidentiary hearing conducted on April 26, 2016, did Petitioner allege or even suggest that Mr. Leavoy had been or even appeared to be impaired by alcohol or otherwise at any time during the pre-trial and trial proceedings in his case.  Yet once Petitioner learned, through his prison "inmate counsel research" (R. 1947) that Mr. Leavoy had been sanctioned by the Louisiana Supreme Court in disciplinary proceedings related to his alcohol abuse, this became the main thrust of his IAC claim against Mr. Leavoy.  The State objected to this evidence at the evidentiary hearing and the objection was sustained.  Petitioner persisted in this new vein in his writ application to the Third Circuit (R. 1650-1656) and in his writ application to the Louisiana Supreme Court (R. 1960; 1963) both of which denied relief.

The factual basis for Petitioner's IAC claim against Mr. Leavoy evolved once again in this pending habeas corpus action.  At pages 22-23 of his Memorandum (Document 1-1 herein) Petitioner quotes from a portion of Mr. Leavoy's testimony at the PCR evidentiary hearing on April 26, 2016.  This quote pertains to some of his advice given to Petitioner regarding any "good time" diminution of sentence that Petitioner may be entitled to if he accepted and entered into the State's proposed plea agreement.

In this testimony, Mr. Leavoy explained that nobody can forecast how much "good time" an inmate in the Louisiana Department of Corrections might ultimately earn and/or receive because that is a matter of pure speculation at the time a guilty plea is being entered, dependent upon the inmate's future behavior after sentencing and throughout his prison confinement. Prisoners may be awarded "good time" then have it taken away by infractions of the rules of the particular prison where he serves his confinement. There is no conceivable way that Mr. Leavoy could have been expected to forecast how much "good time" his client would earn and eventually have applied against his prison sentence. Nevertheless, Petitioner seeks this new avenue to seek to show that Mr. Leavoy was ineffective in representing him during his plea negotiations with the State. This is a fallacious and unfounded argument given the uncertain nature of the system of awarding "good time" diminution of sentence in Louisiana.

When a claim of ineffective assistance of counsel is asserted in a post conviction relief proceeding, the state court evaluates the claim under the guidelines set forth by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under **Strickland**, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the **Sixth Amendment**, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. Petitioner has the burden of proving that counsel's representation fell beneath an objective standard of reasonableness.

The courts should apply due deference in their review of **Strickland** claims to "eliminate the potential distorting effect of hindsight." **Rector v. Johnson**, 120 F.3d 551, 563 (5th Cir.

-37-

1997).  As for the second prong of the **Strickland** analysis, the deficient performance of counsel must directly cause prejudice so great that it creates a substantial likelihood of a different result in the outcome of the trial.  **Pape v. Thaler**, 645 F.3d 281, 288 (5th Cir. 2011).  Both prongs under **Strickland** must be clearly established in order to be entitled to relief in the trial court.

In light of the entire evidence introduced at the trial of this case, together with all of the evidence offered at the post conviction relief evidentiary hearing, there is no legitimate factual dispute at this point which would have a bearing on the claim of ineffective assistance of counsel.  Respondent submits that this state court decision which denied Petitioner's IAC claim is one on a question of law, or a mixed question of law and fact, and as such is to be reviewed to determine if this is "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" under the provisions of **28 U.S.C. 2254(d)(1)**.  Respondent also submits that the *federal habeas* standard of review is one of deferential treatment regarding the state court decision(s).  **28 U.S.C. § 2254,** as amended by the **Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA);  Corwin v. Johnson**, 150 F.3d 456, 471 (5th Cir. 1998).

The United States Supreme Court has recently made it clear that upon  federal habeas review  (as opposed to direct appeal or collateral review), the **Strickland**  standard is not the final word on evaluating claims of ineffective assistance of counsel which have been considered and ruled upon on the merits by the state courts.  In **Harrington v. Richter**, 562 U.S. 86, 131 S.Ct. 770, 785, 178 L.Ed.2d 264 (2011) the Supreme Court, in addressing the issue of ineffective assistance of counsel in the context of federal habeas review, held that the "pivotal question is

-38-

whether the state court's application of the **Strickland** standard was *unreasonable*. This is different from asking whether defense counsel's performance fell below the **Strickland** standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a **Strickland** claim on direct review of a criminal conviction in a United States district court. Under **AEDPA**, though, it is a necessary premise that the two questions are different. For purposes of **§2254(d)(1)**, 'an unreasonable application of federal law is different from an incorrect application of federal law.' A state court decision must be granted a deference and latitude that are not in operation when the case involves review under the **Strickland** standard itself."

In this context, a state court's determination that a claim of ineffective assistance of counsel lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. **Richter**, Id. at 786, citing **Yarborough v. Alvarado**, 541 U.S. 652, 654, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). In order for a state court's application of federal law to be unreasonable, the application must be more than simply erroneous but rather so incorrect as to be *objectively unreasonable*. **Williams v. Thaler,** 684 F.3d 597, 604 (5th Cir. 2012); **Dilosa v. Cain**, 279 F2d 259, 262 (5th Cir. 2002).

In **Cullen v. Pinholster**, 563 U.S.170, 131 S. Ct.1388, 1398, 179 L. Ed. 2d 557 (2011), the high court held that habeas review is limited to the record that was before the state court which adjudicated the claim on the merits. **28 U.S.C. § 2254** sets limits on the power of a federal court to grant an application for habeas corpus. The **Pinholster** court held that federal habeas review is limited strictly to allegations that a person is being held in state custody in violation of

-39-

the **United States Constitution** or treaties.  Further, if the habeas claim has been adjudicated on the merits in state court, the federal habeas application may not be granted unless the decision is contrary to, or involved an ***unreasonable*** application of, clearly established federal law as determined by the United States Supreme Court, or is a decision based on an ***unreasonable*** determination of the facts in light of the evidence presented in the state court proceedings.

Under **Pinholster**, factual determinations made by a state court shall be ***presumed to be correct*** and the applicant shall have the burden of rebutting that presumption of correctness by clear and convincing evidence.  Where the applicant has failed to develop a factual basis of a claim in state court, the federal court should ***not*** hold an evidentiary hearing unless the applicant shows his claim relies upon a new rule of constitutional law by the Supreme Court, or upon a factual predicate that could not have been previously developed through due diligence, ***AND*** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.  Respondent suggests that the entire record of Lowe's state case at every level proves that he had very effective assistance of counsel at all pre-trial, trial, post-trial, and appellate stages.

In **Pape v. Thaler**, 645 F.3d 281 (5th Cir. 2011) the court applied the more stringent deference requirement announced in **Pinholster**.  The Fifth Circuit reversed a district court's grant of habeas corpus, noting that the court erred in granting an evidentiary hearing and in using the evidence from that evidentiary hearing to dispute the state court record, and in not showing proper deference to the state courts.

-40-

Under both **Pinholster** and **Richter**, the deferential standard of federal habeas review applies to summary dispositions without an opinion as well as to those with stated reasons and/or those following evidentiary hearings. In fact, the Court in **Richter** specifically held that "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 784-785. And where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. Id. at 784. In this situation, **Pinholster** instructs that the "habeas court must determine what arguments or theories... could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." (Citing **Richter,** Id. at 786.)

Respondent submits that all of these cases have a bearing on petitioner's claim of ineffective assistance in this case. Not only must petitioner show that the state court, the 36th Judicial District Court, was *incorrect* in its application of clearly established Supreme Court precedent, he must also show that the state court was *unreasonable* in reaching this conclusion. In other words, if fairminded jurists could *disagree* as to whether or not the state court's theory for its legal ruling is inconsistent with a Supreme Court precedent, then it is *NOT* an unreasonable application of that precedent.

In ruling on petitioner's PCR application, the trial court made reasonable factual and legal determinations based upon the record in denying petitioner's claim of ineffective assistance of

-41-

counsel.  This ruling is presumed to be on the merits, and was affirmed by the Third Circuit and

the Louisiana Supreme Court.  Under proper habeas review, this ruling is presumed to be correct.

As **Pinholster** stated, **28 U.S.C. 2254** sets a "difficult to meet" (citing **Richter**) and "highly

deferential standard for evaluating state-court rulings, which demands that state-court decisions

be given the benefit of the doubt."  (Citing **Woodford v. Visciotti**, 537 U.S. 19, 24, 123 S.Ct.

357, 154 L.Ed.2d 279 (2002) Id. at 1398.)

As the United States Supreme Court made clear in **Strickland**, "the purpose of the

effective assistance guarantee of the **Sixth Amendment** is not to improve the quality of legal

representation ... but simply to ensure that criminal defendants receive a fair trial.  Thus, the

benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so

undermined the proper functioning of the adversarial process that the trial cannot be relied on as

having produced a just result. ***The Court acknowledged that there are countless ways to***

***provide effective assistance in any given case, and that even the best criminal defense***

***attorneys would not defend a particular client in the same way."*** **Pinholster**, Id. at 1403.

(Emphasis added.) (Internal citations omitted.)

In  **Pinholster**,  the Court repeated its prior holding that "counsel should be 'strongly

presumed to have rendered adequate assistance and made all significant decisions in the exercise

of reasonable professional judgment.'  To overcome that presumption, a defendant must show

that counsel failed to act 'reasonably considering all the circumstances.'  The Court cautioned

that 'the availability of intrusive post-trial inquiry into attorney performance or of detailed

-42-

guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges.' "

**Pinholster**, Id. at 1403 (Quoting **Strickland**).

The Court went on to require petitioners to prove prejudice, not just some speculative possibility of harm by counsel's action or inaction.  He must show that, but for counsel's unprofessional errors, the result of the trial would have been different.  That requires a "substantial, not just a conceivable, likelihood of a different result."  **Pinholster**, Id. at 1403. Finally, the **Pinholster** Court held that its review was *"doubly deferential"* in that under **Strickland** the review of counsel's performance is highly deferential, and appropriate habeas review under **28 U.S.C. 2254(d)** is likewise deferential.  Id. at 1403.

Petitioner has the burden of proving that the trial court was *objectively unreasonable* in denying petitioner's claim of ineffective assistance of counsel.  Since the **Strickland** analysis is a two-part test, petitioner would have to show that the trial court was *unreasonable* in both concluding that petitioner's counsel did *not* commit professional error and that no prejudice was caused to the petitioner.  See: **Higgins v. Cain**, 720 F.3d 255, 261 (5th Cir. 2013) where the court assumed the state court adjudicated both the deficiency and prejudice prongs of the **Strickland** analysis on the merits.

In making his showing, petitioner is limited to the evidence in the state court record as it existed when the state courts made their rulings on the merits on each of his claims.  Petitioner has failed to prove by any evidence in the state court record that the trial court or any appellate court made any unreasonable factual determination.  Likewise, petitioner has failed to show a state court decision that was contrary to established federal law as determined by the United State

-43-

Supreme Court.  For these reasons the petition for writ of habeas corpus must be denied on the merits.

There has been no injustice in this case against petitioner.  Yet to avoid criminal responsibility for his conduct, he seeks to find fault in his trial counsel in an ever-evolving series of accusations of giving erroneous legal advice.  It is always easy to blame someone else for the difficulties of life, particularly where one decides to turn down a plea bargain and then suffers the consequences of that choice.  Mr. Teno was told repeatedly the likely outcome of either taking the plea agreement or going to trial and losing.  Mr. Teno, and only Mr. Teno, made that ultimate decision.  In hindsight, it was obviously a poor choice, but it was not a choice based upon ineffective assistance of counsel.

**CONCLUSION**

Respondent avers that Petitioner failed to exhaust all but one of his seven claims, and that one is without legal merit which would entitle him now to habeas relief.  Further, even if the Court considers his unexhausted claim of ineffective assistance of counsel, it too is totally without merit, and likewise should be denied.  Petitioner has failed to prove any of the seven claims contained in his federal habeas petition demonstrate that the state courts either unreasonably applied the law announced by the United States Supreme Court, or made an unreasonable determination of facts that led to any of the corresponding rulings.  Petitioner's claims were denied on the merits by the state courts and are these rulings are presumed to be correct and are entitled to deference on habeas review.

-44-

The State prays that the petition should be denied with prejudice without any further proceedings. There is sufficient evidence in the record to demonstrate the facts necessary for this Court to adjudicate and deny petitioner's claims without an evidentiary hearing.

Respectfully submitted:

JAMES R. LESTAGE
DISTRICT ATTORNEY
36th JUDICIAL DISTRICT
BEAUREGARD PARISH, LOUISIANA

BY:   /s/ Richard A. Morton
RICHARD A. MORTON, LSBA #09756
Assistant District Attorney
Post Office Box 99
DeRidder, Louisiana 70634
Phone: (337) 463-5578
Fax:     (337) 462-6925
E-mail: ramorton@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing has been sent by certified mail to petitioner, JEREMIAH R. TENO, DOC #503411, Winn Correctional Center, Post Office Box 1435, Winnfield, LA 71483-1435.

DeRidder, Louisiana, this 18th day of April, 2019.

/s/ Richard A. Morton
RICHARD A. MORTON

-45-

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMIAH R. TENO** | : | **DOCKET NO. 2:18-cv-1538** |
| **DOC # 503411** | | **SECTION P** |
| | | |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| | | |
| **WARDEN WINN CORRECTIONAL** | : | **MAGISTRATE JUDGE KAY** |
| **CENTER** | | |

## INDEX OF ATTACHMENTS

| Date Filed | Document | Page |
|---|---|---|
| | | |
| **TRIAL COURT RECORDS: DOCKET NO. CR-2010-701** | | |
| **(Louisiana 36th Judicial District Court, Beauregard Parish, Louisiana):** | | |
| | | |
| 03-19-2012 | Criminal Jurisdictional Index; Louisiana Court Of Appeal, Third Circuit | 1 |
| | Chronological Index; Trial Records | 2-4 |
| | Alphabetical Index; Trial Records | 5-7 |
| | Exhibit Index; Trial Records | 8-9 |
| | Court Minutes; Trial Proceedings | 18-34 |
| 08-01-2011 | Court Minutes; Habitual Offender Proceedings | 36-37 |
| 12-15-2011 | Court Minutes; Sentencing | 42-43 |
| 08-04-2010 | Bill of Information | 44-45 |
| 05-03-2011 | Habitual Offender Bill of Information | 46-49 |

-A-

| | | |
|---|---|---|
| 06-21-2011 | First Amended Habitual Offender Bill of Information | 50-53 |
| 10-13-2010 | Defendant's Plea Proposal to District Attorney | 71 |
| 11-24-2010 | State's Answer to Defendant's Discovery Motion | 75-212 |
| 02-24-2011 | State's 404B Evidence Motion | 227-240 |
| 04-21-2011 | Jury Instructions | 288-299 |
| 04-21-2011 | Responsive Verdicts by Jury | 301-306 |
| 07-29-2011 | Motion for New Trial | 322-330 |
| 01-03-2012 | Defense Motion to Reconsider Evidence | 338-340 |
| 01-03-2012 | Motion for Appeal | 341-342 |
| 03-01-2012 | Jury Trial Transcript | 345-758 |
| 03-01-2012 | Transcript of Motion for New Trial, Habitual Offender Hearing, and Sentencing Hearing | 768-800 |
| 12-16-2011 | Transcript of Sentencing | 801-819 |
| | State's Exhibits | 821-1051 |
| 04-16-2012 | Third Circuit; No. 12-357; Defendant/Appellant's Original Brief by Counsel (**DIRECT APPEAL**) | 1052-1066 |
| 04-26-2012 | Third Circuit; No. 12-357; State's Brief (**DIRECT APPEAL**) | 1067-1071 |
| | Third Circuit; No. 12-357; Defendant's Pro Se Appellant's Brief (**DIRECT APPEAL**) | 1072-1087 |
| 11-07-2012 | Third Circuit; No. 12-357; Opinion Affirming Convictions; Vacating  Sentences and Remanding for Re-sentencing  (**DIRECT APPEAL**) | 1088-1103 |
| 12-10-2012 | LA Supreme Court; No. 2012-2652 (**DIRECT APPEAL**); Defendant's Writ Application | 1104-1186 |

-B-

| | | |
|---|---|---|
| 12-11-2012 | LA Supreme Court; No. 2012-2652; Pro Se Brief For Appellant (**DIRECT APPEAL)** | 1187-1196 |
| 05-17-2013 | LA Supreme Court; No. 2012-2652; Opinion, Writ Denied | 1197 |
| 09-03-2013 | Application for Post-Conviction Relief | 1198-1224 |
| 02-06-2014 | Trial Court Order and Reasons for Judgment denying Post-Conviction Relief | 1226-1233 |
| 02-19-2014 | Defendant Notice of Intent to Seek Writs | 1234-1239 |
| 11-06-2013 | Third Circuit No. 13-1272; Defendant's Writ Application, re:  PCR | 1240-1269 |
| 01-10-2014 | Third Circuit No. 13-1272; Writ Granted | 1270 |
| 03-18-2014 | Third Circuit No. 14-309; Defendant's Writ Application | 1271-1329 |
| 05-15-2014 | Third Circuit No. 14-309; Opinion, Writ Denied; Application Deficient | 1330 |
| 06-03-2014 | LA Supreme Court; No. 14-1158; Defendant's Writ Application | 1331-1416 |
| 03-13-2015 | LA Supreme Court; No. 14-1158; State's Opposition to Defendant's Writ Application, re: PCR | 1417-1437 |
| 03-27-2015 | LA Supreme Court; No. 14-1158; Order, Writ Granted an Evidentiary Hearing | 1438-1439 |
| 03-31-2015 | Trial Court Order for PCR Hearing | 1440-1442 |
| | Transcript of Aborted Entry of Guilty Plea on 4-18-11 | 1443-1454 |
| 06-22-2015 | State's Motion in Limine with Memo | 1455-1459 |
| 07-07-2015 | Transcript PCR Proceedings on 6-22-15 | 1460-1471 |
| 05-19-2016 | Transcript of Evidentiary Hearing on PCR Conducted on 4-26-16 | 1472-1592 |

-C-

| | | |
|---|---|---|
| 05-09-2016 | Trial Court Judgment Denying PCR | 1593-1595 |
| 04-26-2016 | PCR Hearing Exhibits | 1596-1640 |
| 06-30-2016 | Third Circuit; No. 16-555; Defendant's Writ Application | 1641-1840 |
| 02-16-2017 | Third Circuit; No. 16-555; Ruling, Writ Denied | 1841 |
| 07-21-2016 | Third Circuit; No. 16-555; State's Brief in Opposition to Writ Application | 1842-1943 |
| 08-15-2016 | Third Circuit; No. 16-555; Defendant's Reply Brief to State's Opposition Brief | 1944-1952 |
| 05-05-2017 | LA Supreme Court; No. 17-740; Defendant's Writ Application | 1953-1968 |
| 08-03-2018 | LA Supreme Court; No. 17-740; Judgment, Writ Denied | 1969-1970 |
| 01-03-2017 | Third Circuit; No. 17-11; Defendant's Writ of Mandamus, re: Calcasieu Parish Pending Charges (**UNRELATED**) | 1971-1975 |
| 03-03-2017 | Third Circuit; No. 17-11; Order, Writ Granted and Made Peremptory (**UNRELATED**) | 1976-1979 |
| 11-27-2017 | LA Supreme Court; No. 17-CI-1975; Defendant's Writ Application for Administrative Remedy Procedure  (**UNRELATED**) | 1980-1986 |
| 01-29-2018 | LA Supreme Court; No. 17-CI-1975; Order, Writ Not Considered   (**UNRELATED**) | 1987 |
| 06-22-2015 | Court Minutes of Re-sentencing following Third Circuit Judgment on Direct Appeal | 1988 |

-D-