UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMIAH R. TENO** | : | **DOCKET NO. 2:18-cv-1538** |
| **D.O.C. # 503411** | | **SECTION P** |
| **VERSUS** | : | **JUDGES JAMES D. CAIN, JR.** |
| **KEITH DEVILLE** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus [doc. 1] filed under 28 U.S.C. § 2254 by pro se petitioner Jeremiah Teno ("petitioner"). The petitioner is an inmate in the custody of the Louisiana Department of Safety and Corrections. The respondent opposes the petition [doc. 18]. The petition is now ripe for review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that all claims be **DENIED** and **DISMISSED WITH PREJUDICE**, as untimely.

**I.**
**BACKGROUND**

**A. Conviction**

Petitioner was charged by a bill of information filed on August 4, 2010, in Beauregard Parish with the following three felony crimes, all alleged to have been committed on June 15, 2010: (1) Possession of a Firearm by Persons Convicted of Certain Felonies in violation of La. R.S. 14:95.1; (2) Illegal Use of Weapons or Dangerous Instruments in violation of La. R.S.

-1-

14:94(F); and (3) Aggravated Assault With a Firearm in violation of La. R.S. 14:37.4. *See* Doc. 18, att. 2 pp. 44-45. He was arrested on June 18, 2010. *Id*. at p. 58.

Following a jury trial, Teno was found guilty on all three counts by unanimous verdicts. *Id*. at pp. 18-34. Thereafter he was billed as a fourth-felony habitual offender under Louisiana law, La. R.S. 15:529.1. *Id*. at pp. 50-53. An adjudication hearing was conducted and on December 15, 2011, Teno was adjudicated a fourth-felony habitual offender and was sentenced to serve twenty-eight years on each of the three counts, with counts one and two to be served without benefit of parole, probation or suspension of sentence, and count three to be without probation or suspension of sentence. Tthe three sentences were ordered to run concurrently with each other but consecutively to any other sentence to which Petitioner was still subject, and with credit for time served prior to imposition of sentence. *Id*. at p. 42.

### B. Direct Appeal

On April 16, 2012, petitioner, through counsel, filed a direct appeal in the Louisiana Third Circuit Court of Appeal, raising two assignments of error: (1) the evidence was insufficient to find Mr. Teno guilty of count 2, illegal use of weapons; and (2) trial court committed various errors when it imposed enhanced sentences on Mr. Teno. Doc. 1, att. 2, pp. 133-147. The State filed its response, conceding that only the sentence as to count two should have been enhanced under the Habitual Offender Law (R.S. 15:529.1), but in all other respects the convictions and sentences should be affirmed. Doc. 18, att. 5, pp. 222-226. Teno then filed his own pro se appeal brief and raised four assignments of error: (1) that he received ineffective assistance of counsel at trial by Mr. Leavoy; (2) that the trial court erred in allowing into evidence at trial "other crimes" evidence under La. C.E. Art. 404B; (3) that the trial court erred in admitting evidence at trial which was prejudicial or hearsay and/or for not granting his counsel's motion for mistrial, and also that there

was insufficient evidence admitted at trial to support any of the three convictions; and (4) that the State failed to prove beyond a reasonable doubt that Petitioner had committed the three charged crimes. Doc. 1, att. 2, pp. 148-162.

On November 7, 2012, the Third Circuit rendered its judgment, affirming the convictions on all three counts, and affirming the adjudication of Petitioner as a fourth-felony habitual offender and the sentence of twenty-eight years on count two. *State v. Teno*, 12-357 (La. App. 3 Cir. 11/7/12), 101 So. 3d 1068, *writ denied*, 12-2652 (La. 5/17/13), 117 So.3d 510. As the State had not sought in its amended habitual offender bill of information the enhancement of the sentences on counts one and three, the Third Circuit vacated those enhanced sentences and remanded for resentencing on those two convictions. *Id*.

On June 22, 2015, Petitioner was re-sentenced on counts one and three by the trial court. On count one, he was re-sentenced to serve twenty years at hard labor without benefit of probation, parole, or suspension of sentence and a fine of $1,000.00. On count three, he was resentenced to serve five years at hard labor, with the sentences on all three counts running "concurrent with one another but consecutive as to any other that may be out there to be served." Doc. 18, att. 10, pp. 18-22.

An application for writ of certiorari or review was filed by counsel in the Louisiana Supreme Court on December 10, 2012. Doc. 1, att. 2, pp. 174-183. A single assignment of error was alleged: that the third circuit violated petitioner's state constitutional protection against double jeopardy when it affirmed petitioner's Illegal Use of a Weapon conviction (count two) by relying upon the same evidence used to convict petitioner of the separate offense of Aggravated Assault with a Firearm (count three).

On December 11, 2012, petitioner filed a pro se brief in the Louisiana Supreme Court, urging a single assignment of error, that the State erred in introducing at trial Petitioner's photograph from a 2007 arrest, and that the Third Circuit also erred in its conclusion that even if this was an error by the trial court, it constituted harmless error. Doc. 18, att. 6, pp. 97-106. The Louisiana Supreme Court denied the writ application on May 17, 2013. *Id*. at p. 107.

Accordingly, Accordingly, Petitioner's judgment of conviction and sentence became final ninety days later, on August 17, 2013.

### C. State Collateral Review – Phase I

Teno filed a pro se application for post-conviction relief in the state district court on September 3, 2013, asserting two claims for relief: (1) that the trial court lacked jurisdiction to proceed to trial on the merits for the "non-offense" of illegal use of a weapon under La. R.S. 14:94(F), in violation of petitioner's Fourteenth Amendment right to due process; and (2) ineffective assistance of counsel. Doc. 18, att. 6, pp. 108-131.

On November 6, 2013, prior to the trial court ruling on the motion, Teno filed an application for writ of mandamus in the Louisiana Third Circuit, seeking to have the trial court take action on his PCR. *Id*. at pp. 149-179. By ruling dated January 10, 2014, the Third Circuit granted Petitioner's writ application and ordered the trial court to rule on the application for post-conviction relief by February 10, 2014. *Id*. at p. 180. On February 6, 2014, the state district court denied the application without an evidentiary hearing. *Id*. at pp. 135-143.

On March 18, 2014, Teno timely filed his writ application in the Third Circuit, docket No. KH 14- 309. *Id*. at pp. 181-197. In this application he asserted a single assignment of error, that he was denied the effective assistance of counsel by his trial counsel, Mr. Leavoy. In his application, Petitioner also argued that the trial court committed error by denying his PCR application without affording him an evidentiary hearing. *Id*. at p. 194.

May 15, 2014, the Third Circuit denied Teno's writ application holding "the application does not contain a transcript of the proceeding held on April 18, 2011, at which the Relator announced his intention to reject the plea agreement offered by the State and, instead, opt for a trial by jury. Accordingly, the Relator's writ application is denied on the showing made." *Id*. at p. 240.

On June 3, 2014, Teno filed an application for writs with the Louisiana Supreme Court, in the matter bearing Docket No. 14-KH-1158. *Id*. at pp. 241- Doc. 18, att. 7, p. 12. He assigned three errors: (1) that the Third Circuit's' decision is in direct conflict with the Legislature's intent in enacting La. Code Crim. P. Art. 912(C)(1); (2) that he was denied the effective assistance of counsel at trial; and (3) that the trial court misapplied well established law as determined by the United States Supreme Court in *Lafler v. Cooper*.

On March 27, 2015, the Louisiana Supreme Court granted Petitioner's writ application, finding that Teno's application for post-conviction relief should be remanded to the trial court for an evidentiary hearing on Petitioner's claim that his trial counsel, Mr. Leavoy, gave erroneous legal advice which caused him to withdraw from a plea bargain with the state and to go to trial. Doc. 18, att. 9, pp. 31-32. The Court also directed the trial court to appoint counsel for Petitioner in the evidentiary hearing.

### D. State Collateral Review – Phase II

After several continuances the evidentiary hearing was held on April 26, 2016, and Teno was appointed outside conflict counsel. *Id*. at pp. 34-35. Several witnesses were called to testify, including the Petitioner, and numerous exhibits were introduced at the hearing. Doc. 18, att. 10, pp. 26-146. At the conclusion of the hearing, the trial court denied Petitioner's claims, finding no evidence beyond the Petitioner's own self-serving statements that Mr. Leavoy had given erroneous

legal advice or had advised Petitioner to withdraw from the plea agreement with the State and go to trial. *Id*. at att. 10, pp. 140-145. A written judgment denying post-conviction relief was prepared and filed in the record on May 10, 2016. *Id*. at pp. 147-49.

After being granted an extension of time in which to file his writ application in the Third Circuit (*id*. at att. 11, p. 126), Petitioner filed same on June 30, 2016, Docket No. KH 16-555. *Id*. at pp. 196-222. Initially in this writ application, the Petitioner summarizes his three assignments of error, all alleging violations of his 14th Amendment Due Process Rights: (1) trial court rendered an erroneous decision denying his application for post-conviction relief at the April 26, 2016 Evidentiary Hearing, in denying the petitioner an opportunity to present argument and evidence of the defense lawyer actions; (2) the trial court erroneously misapplied the rule of law found in *LaFler v. Cooper*, 132 S.Ct. 1376 (2012), and thus violated his rights to due process and equal protection guaranteed by the United States Constitution; and (3) the trial court erred in denying his claim of ineffective assistance of counsel and thus violated his federal and state constitutional rights. *Id*. at att. 10, p. 204. Later in the same writ application but under the section "Claims for Relief," petitioner raised the same claims set forth in the original post-conviction relief application, namely lack of jurisdiction to convict of a "non-crime" and ineffective assistance of counsel by both his appellate counsel and his trial counsel. *Id*. at p. 211.

The Third Circuit, on February 16, 2017, denied Petitioner's application for writs, stating, "WRIT DENIED: There was no error in the trial court's April 26, 2016, denial of Relator's claim that trial counsel rendered ineffective assistance of counsel." Doc. 18, att. 11, p. 127.

On March 28, 2017, petitioner's pro se "Application for Certiorari" was accepted by the Winn Correctional Center for filing. *Id*. at pp. 252-54. The Court uses that date as the effective date of filing under the prison mailbox rule. On May 5, 2017, the application was filed into the

record at the Louisiana Supreme Court. Petitioner's application raises two assignments of error: (1) the Third Circuit "erred interpreting or applying the Constitution or law of this state or the United States and its decision will cause material injustice or significantly affect the public interest"; and (2) the Third Circuit "erred sanctioning the 36th Judicial District court's decision of a significant issue of law which has not been, but should be, resolved by this Court." *Id*. at pp. 239-251.

On August 3, 2018, the Louisiana Supreme Court denied Petitioner's writ application, stating: "Denied. Relator fails to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Id*. at pp. 255-256.

### E. Federal Habeas Petition

On November 26, 2018, Teno filed the instant petition, raising the following seven claims: (1) insufficient evidence to support a conviction for Count Two of the information, illegal use of weapons/double jeopardy argument; (2) insufficient evidence to prove beyond a reasonable doubt any of the three counts against him; (3) unlawful use of a prejudicial statement was used against him at trial; (4) the trial court lacked subject matter jurisdiction as to Count Two of the information, which charged him with illegal use of weapons, which Petitioner alleges is a "non-offense" as charged under La. R.S. 14:94(F); (5) unlawful use of "other crimes" evidence against Petitioner at trial; (6) ineffective assistance of appellate counsel; and (7) ineffective assistance of trial counsel, based upon the alleged failure of his trial counsel to inform him how much "good time diminution of sentence" he would receive if he accepted the plea proposal by the state. Doc. 1.

## II.
## LAW & ANALYSIS

### A. Timeliness

#### 1. Statutory Tolling

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

Teno's conviction became final on August 17, 2013, when his 90-day window for seeking review in the United States Supreme Court expired. Sup. Ct. R. 13. Accordingly, **17 days** accrued

against § 2244(d)'s one-year limitations period before he filed his application for post-conviction relief in the trial court on September 3, 2013.

In order for a state post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1811 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n. 4 (5th Cir.2000); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.1999), *reh'g denied,* 196 F.3d 1259 (5th Cir.1999). Teno's post-conviction filing was "properly filed" in that it was timely filed within the two years allowed for filing state post-conviction pleadings, see La. C. Cr. P. art. 930.8, and was filed in the parish in which he was convicted. See La. C. Cr. P. art. 925.

The federal one-year limitation continued to toll as Teno's post-conviction application made its way to the Louisiana Supreme Court, back to the trial court for an evidentiary hearing, and up to the Third Circuit again on June 30, 2016. The Third Circuit denied the application on February 16, 2017. Doc. 18, att. 11, p. 127. Under Louisiana Supreme Court Rule X, § 5(a), Teno had thirty days from the date of the Third Circuit's judgment on his direct appeal to file an application for a supervisory writ in the Louisiana Supreme Court. If he failed to do so, his time for seeking review expired and his conviction and sentence became final on that date – March 18, 2017.

The State argues that his post-conviction application was filed untimely, as it was filed on May 5, 2018. Doc. 18, p. 26. The record reflects that Teno's application was accepted by the Winn Correctional Center for filing on March 28, 2018. *Id*. at pp. 252-54. The Court uses that date as the effective date of filing under the prison mailbox rule. However, even giving petitioner the benefit of the mailbox rule, the application was still untimely, by ten (10) days under Supreme

Court Rule X, §5 (a). Thus, petitioner's untimely writ application, filed beyond the 30-day period of limitations established by Supreme Court Rule X, §5(a), ceased to be a "properly filed" post-conviction pleading and therefore this untimely writ application could not serve to toll the limitations period pursuant to §2244(d)(2).[1]

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 122 S. Ct. 2134, 2138 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review is unavailable under Louisiana's procedures.'") (*quoting Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.1999)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

Teno's post-conviction writ was no longer "in continuance" as of May 18, 2017, when the 30-day period of limitations established by Rule X §5(a) expired. Further, as shown above, a period of **17 days** of the AEDPA limitations period had already elapsed between the date of finality of judgment and the date petitioner commenced his ill-fated post-conviction litigation. Thus, a period of **636** days elapsed un-tolled between the date petitioner's judgment of conviction became final and the date he filed his federal habeas corpus petition, November 28, 2018.

In short, petitioner's federal habeas corpus petition is clearly time-barred by the provisions of 28 U.S.C. §2244(d).

### 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

---

[1] The mere fact that a state court considered an application "on the merits" is not itself conclusive proof that the application was timely filed in accordance with that state's timeliness laws and rules. See *Carey v. Saffold*, 122 S. Ct. 2134, 2142 (2002) (noting different reasons why a court might "address the merits of a claim that it believes was presented in an untimely way"). That the state supreme court court in this case ultimately addressed the merits of the writ application does not alter the fact that the state post-conviction application ceased to be pending as of May 18, 2017, thus allowing the federal limitations period to continue to run. *See Williams v. Hines*, 2013 U.S. Dist. LEXIS 158997, at *14-15 (E.D. La., June 14, 2013).

Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida,* 127 S.Ct. 1079, 1085 (2007) (*quoting Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1815 (2005)).

Nothing in the record far supports equitable tolling of the statute of limitations in the instant case. It does not appear that the petitioner was actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his habeas claims. In response to the State's argument that his petitioner was untimely filed, he concedes that it was filed on May 5, 2017, "35 days after the time limitation allowed," but offers no explanation for his tardy filing. *See* Doc. 22, p. 3.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 29th day of January, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE