U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   SHREVEPORT

JUN 0 8 2020

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

*no signature*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMIAH R. TENO** | : | **DOCKET NO. 2:18-cv-1538** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGES JAMES D. CAIN, JR.** |
| **KEITH DEVILLE** | : | **MAGISTRATE JUDGE KAY** |

## OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

This objection is in response to the Magistrate Judge's Report and Recommendation filed on January 29th, 2020, hereinafter referred to as "R&R" by Jeremiah R. Teno in pro-se capacity and hereinafter referred to as "Petitioner". Petitioner is an inmate in the custody of the Louisiana Department of Corrections and is now housed at the Richland Parish Detention Center, Rayville La. Petitioner received the R&R on the 2nd day of February, 2020, and now files his objections accordingly.

### I.

### BACKGROUND

**A. Conviction**

Petitioner was charged by a bill of information filed on August 4, 2010, in Beauregard Parish with the following three felony crimes, all alleged to have been committed on June 15, 2010: (1) Possession of a Firearm by Persons Convicted of Certain Felonies in violation of La. R.S. 14:95.1; (2) Illegal Use of Weapons of Dangerous Instruments in violation of R.S. 14:94(F); and (3) Aggravated Assault With a Firearm in violation of La. R.S. 14:37.4 See Doc. 18 att. 2 pp. 44-45. He was arrested on June 18, 2010. *Id.* at p. 58.

Following a jury trial, Teno was found guilty on all three counts by unanimous verdicts. Id. At

pp. 18-34. Thereafter he was billed as a fouth-felony habitual offender under Louisiana law, La. R.S. 15:529.1. *Id.* at pp. 50-53. An adjudication hearing was conducted and on December 15, 2011, Teno was adjudicated a fourth-felony habitual offender and was sentenced to serve twenty-eight years on each of the three counts, with counts one and two to be served without benefit of parole, probation or suspension of sentence. The three sentences were ordered to run concurrently with each other but consecutively to any other sentence to which Petitioner was still subject, and with credit for time served prior to imposition of sentence. *Id.* at p. 42.

**B. Direct Appeal**

On April 16, 2012, petitioner, through counsel, filed a direct appeal in the Louisiana Third Circuit Court of Appeal, raising two assignments of error: (1) the evidence was insufficient to find Mr. Teno guilty of count 2, illegal use of weapons; and (2) trial court committed various errors when it imposed enhanced sentences on Mr. Teno. <u>Doc. 1. att.</u> 2, pp. 133-147. The State filed its response, conceding that only the sentence as to count two should have been enhanced under the Habitual Offender Law (R.S. 15:529.1), but in all other respects the convictions and sentences should be affirmed. <u>Doc. 18 att.</u> 5, pp. 222-226. Teno then filed his own pro-se appeal brief and raised four assignments of error: (1) that he received ineffective assistance of counsel at trial by Mr. Leavoy; (2) that the trial court erred in allowing into evidence at trial "other crimes" evidence under La. C.E. Art. 404B; (3) that the trial court erred in admitting evidence at trial which was prejudicial or hearsay and/or for not granting his counsel's motion for mistrial, and also that there was insufficient evidence admitted at trial to support any of the three convictions; and (4) that the State failed to prove beyond a reasonable doubt that Petitioner had committed the three charged crimes. <u>Doc. 1, att.</u> 2, pp. 148-162.

On November 7, 2012, the Third Circuit rendered its judgment, affirming the convictions on all three counts, and affirming the adjudication of Petitioner as a fouth-felony habitual offender and the

sentence of twenty-eight years on count two. *State v. Teno,* 12-357 (La. App. 3 Cir. 11/7/12), 101 So. 3D 1068, *writ denied,* 12-2652 (La. 5/17/13), 117 So. 3D 510. As the State had not sought in its amended habitual offender bill of information the enhancement of the sentences on counts one and three, the Third Circuit vacated those enhanced sentences and remanded for re-sentencing on those two convictions. *Id.*

On June 22, 2015, Petitioner was re-sentenced on counts one and three by the trial court. On count one, he was re-sentenced to serve twenty years at hard labor without benefit of probation, parole, or suspension of sentence and fine of $1,000.00. On count three, he was re-sentenced to serve five years at hard labor, with the sentences on all three counts running "concurrent with one another but consecutive as to any other that may be out there to be served." Doc. 18 att. 10, pp. 18-22.

An application for writ of certiorari or review was filed by counsel in the Louisiana Supreme Court on December 10, 2012. Doc. 1, att. 2, pp. 174-183. A single assignment of error was alleged: that the Third Circuit violated petitioner's state constitutional protection against double jeopardy when it affirmed petitioner's Illegal Use of a Weapon conviction (count two) by relying upon the same evidence used to convict petitioner of the separate offense of Aggravated Assault with a Firearm (count three).

On December 11, 2012, Petitioner filed a pro-se brief in the Louisiana Supreme Court, urging a single assignment of error, that the State erred in introducing at trial Petitioner's photograph from a 2007 arrest, and that the Third Circuit also erred in its conclusion that even if this was an error by the trial court, it constituted harmless error. Doc. 18, att. 6, pp. 97-106. The Louisiana Supreme Court denied the writ application on May 17, 2013. *Id.* at p. 107.

Accordingly, Petitioner's judgment of conviction and sentenced became final ninety days later, on August 17, 2013.

**C. State Collateral Review- Phase I**

Teno filed a pro-se application for post-conviction relief in the state district court on September 3, 2013, asserting two claims for relief: (1) that the trial court lacked jurisdiction to proceed the trial on the merits for the "non-offense" of illegal use of a weapon under La. R.S. 14:94(F), in violation of petitioner's Fourteenth Amendment right to due process; and (2) ineffective assistance of counsel. Doc. 18. att. 6, pp. 108-131.

On November 6, 2013, prior to the trial court ruling on the motion, Teno filed an application for writ of mandamus in the Louisiana Third Circuit, seeking to have the trial court take action on his PCR. *Id.* At pp. 149-179. By ruling dated January 10, 2014, the Third Circuit granted Petitioner's writ application and ordered the trial court to rule on the application for post-conviction relief by February 10, 2014. *Id.* at pp. 135-143.

On March 18, 2014, Teno timely filed his writ application in the Third Circuit, docket No. KH 14-309. *Id.* At pp. 181-197. In this application he asserted a single assignment of error, that he was denied the effective assistance of counsel by his trial counsel, Mr. Leavoy. In his application, Petitioner also argued that the trial court committed error by denying his PCR application without affording him an evidentiary hearing. *Id.* at p. 194.

On May 15, 2014, the Third Circuit denied Teno's writ application holding "the application does not contain a transcript of the proceeding held on April 18, 2011, at which the Relator announced his intention to reject the plea agreement offered by the State and, instead, opt for a trial by jury. Accordingly, the Relator's writ application is denied on the showing made." *Id.* at p. 240.

On June 3, 2014, Teno filed an application for writs with the Louisiana Supreme Court, in the matter bearing Docket No. 14-KH-1158. *Id.* at pp. 241- Doc. 18. att. 7, p. 12. He assigned three errors:

(1) that the Third Circuit's decision is in direct conflict with the Legislature's intent in enacting La. Code of Criminal Procedure Article 912(C)(1); (2) that he was denied the effective assistance of counsel at trial; and (3) that the trial court misapplied well established law as determined by the United States Supreme Court in *Lafler v. Cooper.*

On March 27, 2015, the Louisiana Supreme Court granted Petitioner's writ application, finding that Teno's application for post-conviction relief should be remanded to the trial court for an evidentiary hearing on Petitioner's claim that his trial counsel, Mr. Leavoy, gave erroneous legal advice which caused him to withdraw from a plea bargain with the state and to go to trial. Doc. 18. att. 9, pp. 31-32. The Court also directed the trial court to appoint counsel for Petitioner in the evidentiary hearing.

**D. State Collateral Review – Phase II**

After several continuances the evidentiary hearing was held on April 26, 2016, and Teno was appointed outside conflict counsel. *Id.* at pp. 34-35. Several witnesses were called to testify, including the Petitioner, and numerous exhibits were introduced at the hearing. Doc. 18. att. 10, pp. 26-146. Because Petitioner was expressly prohibited from raising the issue of counsel's severe negligence due to his alcoholism, the trial court denied Petitioner's claims. A written judgment denying post-conviction relief was prepared and filed in the record on May 10, 2016. *Id.* at pp. 147-49.

After being granted an extension of time in which to file his writ application in the Third Circuit (*Id.* at att. 11, p. 126), Petitioner filed same on June 30, 2016, Docket No. KH 16-555. *Id.* at pp. 196-222. Initially in this writ application, the Petitioner summarizes his three assignments of error, all alleging violations of his 14th Amendment Due Process Rights: (1) trial court rendered an erroneous decision denying his application for post-conviction relief at the April 26, 2016 Evidentiary Hearing, in denying the petitioner an opportunity to present argument and evidence of the defense lawyer's actions;

(2) the trial court erroneously misapplied the rule of law found in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and thus violated his rights to due process and equal protection guaranteed by the United States Constitution; and (3) the trial court erred in denying his claim of ineffective assistance of counsel and thus violated his federal and state constitutional rights. *Id.* At att. 10, p. 204. Later in the same writ application but under the section "Claims for Relief", petitioner raised the same claims set forth in the original post-conviction relief application, namely lack of jurisdiction to convict of a "non-crime" and ineffective assistance of counsel by both his appellate counsel and his trial counsel. *Id.* at p. 211.

The Third Circuit, on February 16, 2017, denied Petitioner's application for writs, stating, "WRIT DENIED: There was no error in the trial court's April 26, 2016, denial of Relator's claim that trial counsel rendered ineffective assistance of counsel." Doc. 18. att. 11, p. 127.

On March 28, 2017, Petitioner's pro se "Application for certiorari" was accepted by the Winn Correctional Center for filing. *Id.* at pp. 252-54. The Court uses that date as the effective date of filing under the prison mailbox rule. On May 5, 2017, the application was filed into the record at the Louisiana Supreme Court. Petitioner's application raises two assignments of error: (1) the Third Circuit "erred interpreting or applying the Constitution or law of this state or the United States and its decision will cause material injustice or significantly affect the public interest"; and (2) the Third Circuit "erred sanctioning the 36th Judicial District Court's decision of a significant issue of law which has not bee, but should be, resolved by this Court." *Id.* at pp. 239-251.

On August 3, 2018, the Louisiana Supreme Court denied Petitioner's writ application, stating: "Denied. Relator fails to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2D 674 (1984)." *Id.* At pp. 255-256.

**E. Federal Habeas Petition**

On November 26, 2018, Petitioner filed the instant petition, raising the following seven clams: (1) Insufficient evidence to support a conviction for count two of the information, illegal use of weapons/double jeopardy argument; (2) insufficient evidence to prove beyond a reasonable doubt any of the three counts against him; (3) unlawful use of a prejudicial statement was used against him at trial; (4) the trial court lacked subject matter jurisdiction as to count two of the information, which charged him with illegal use of weapons, which Petitioner alleges is a "non-offense" as charged under La. R.S. 14:94(F); (5) unlawful use of "other crimes" evidence against Petitioner at trial; (6) ineffective assistance of appellate counsel; and (7) ineffective assistance of trial counsel, based upon the alleged failure of his trial counsel to inform him how much "good time diminution of sentence" he would receive if he accepted the plea proposal by the State. Doc.1.

## II. OBJECTIONS

### I.

Petitioner objects to the magistrate's Report and Recommendation, finding that Petitioner procedurally defaulted his Federal Habeas claims by failing to timely submit his writ of certiorari to the Louisiana Supreme Court. The Magistrate's Report and Recommendation states: "The Third Circuit denied the application on February 16th, 2017. Doc. 18, att. 11, p. 127. Under Louisiana Supreme Court Rule X, § 5 (a), Teno had thirty days from the date of the Third Circuits' judgment on his direct appeal to file an application for supervisory writ in the Louisiana Supreme Court. If he failed to do so, his time for seeking review expired and his conviction and sentence became final on that date- March 18th, 2017.

The State argues that his post-conviction application was filed untimely, as it was filed on May

5, 2018. [1]Doc. 18, p.26. The record reflects that Teno's application was accepted by the Winn Correctional Center for filing on March 28, 2018. Id. At pp. 252-54. The Court uses that date as the effective date of filing under the prison mailbox rule. However, even giving petitioner the benefit of the mailbox rule, the application [to the Louisiana Supreme Court] was still untimely by ten (10) days..." Report and Recommendation, p. 9.

As reflected by the R&R the Third Circuit mailed its ruling denying Petitioner's Post-Conviction Relief Application on February 16, 2017. While it is a rule that Petitioners have thirty (30) days to seek review, the period for seeking such review begins to roll only once the petitioner receives the adverse judgment. Being as though Petitioner is in prison, all legal mail is documented, processed by officials, and signed for by the offender. Having taken three (3) days through the mail along with official processing, Petitioner did not receive the Third Circuit's ruling until February 22, 2017[2].

What's more is that Petitioner, who is a lay-man with no formal training in the law, has consistently relied upon Offender Counsel Substitutes (OCS), to prepare and file his pleadings. While at the Winn Correctional Center, Petitioner relied upon offender <u>Mark DeLafosse</u>. However, during this time period (February 2017- March 2017), OCS DeLafosse was away from the prison at a legal seminar at the Louisiana State Penitentiary[3] for approximately three (3) weeks. During this time all of Petitioner's legal documents were locked in OCS DeLafosse's filing cabinet. When Petitioner received the Third Circuit's ruling on February 22, 2017, Petitioner was effectively prevented from preparing his writ to the Louisiana Supreme Court because of the mandatory training seminar for paralegal courses.

Even under these circumstances Petitioner managed to prepare his writ and file it on March 27, 2017. in the Louisiana Supreme Court. It is pertinent to point out that the State did not procedurally

---

1   Though the R&R reflects 2018, the record reflects that this is incorrect, whereas it was 2017.

2   Petitioner moves to subpoena the Legal-Mail Receipt Logs from Winn Correctional Center.
3   The Winn Correctional Center log books will verify the fact of Offender Counselor DeLafosse's temporary transfer for this seminar.

object to the timeliness of his filing, and the Louisiana Supreme Court adjudicated Petitioner's claims on the merits. Moreover, even if Petitioner's filing were considered late, it was because of circumstances outside of his control.

Petitioner contends that the State is erroneously calculating the tolling period as it applies to the instant case. Also Petitioner contends that if he was late at any stage of his filings it is because he was either transported to another facility where there was no law library or there was an inadequate law library where he could timely file into the courts."

## II.

Contrary to the State's contention and the Magistrate's finding that Petitioner procedurally defaulted his claims by failing to timely seek review in the Louisiana Supreme Court, the Supreme Court accepted Petitioner's Writ application as timely and adjudicated his claims on the merits.

In Coleman v. Thompson, 501. U.S. 722, the Court held that "In Habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state law ground, a federal court may address the petition." Coleman, at 735.

Accordingly, with the Louisiana Supreme Court clearly and expressly addressing Petitioner's claims on the merits, Petitioner's writ is properly before this Honorable Court and should be adjudicated on the merits. Thus Petitioner OBJECTS to the R&R's finding of a procedural default and seeks relief on the merits.

## III.

Petitioner next objects to the R&R's reliance of the State's raising the procedural bar here in the federal habeas setting.

At issue here is the Petitioner's pro-se writ of certiorari filed in the Louisiana Supreme Court. It is pertinent to point out that the Louisiana Supreme Court did not procedurally deny Petitioner's claims, but rather on the merits. What's more is that the State did not raise a procedural objection to Petitioner's writ in the Louisiana Supreme Court, but rather raises that objection here in the federal habeas court. It is well settled law that a new claim may not be raised for the first time in the federal habeas setting. The State attempts to do so here and Petitioner OBJECTS to such. It is well established that " Procedural default exists where (1) a State court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, or (2) The Petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred. See Coleman, 501 U.S., at 735."

Petitioner demonstrates, and the record reflects that all of Petitioner's claims were heard and adjudicated on the merits in the state courts and at no time was the issue of a procedural default ever raised by the state. In Bledsue v. Johnson, 188 F3d. 250, 5ᵗʰ Cir. 1999, the Court addressed a similar situation regarding procedural default. In that case the Court held that the State waived any argument to a procedural ground because it wasn't previously raised. The exact same situation arises in the instant case.

The State's issue with Petitioner's Louisiana Supreme Court filing must have been raised first in the Louisiana Supreme Court in order to raise it now in this proceeding. Because the Louisiana Supreme Court did not find Petitioner untimely pursuant to La. Sup. Ct. Rule X, then it is clear that the

independent and adequate State law ground was NOT regularly followed.

Petitioner thus OBJECTS to the Magistrate's reliance upon the State's claim of a procedural default, and seeks review and relief upon the merits.

IV.

Petitioner lastly contends that his claims should be heard in the interest of justice, and OBJECTS to a procedural denial.

Petitioner has set forth various facts that have in some way prevented or interfered with his properly complying with any and all State procedural rules. The record reflects that Petitioner has diligently pursued his pleadings at every stage of the proceedings. Moreover, Petitioner sets forth that all of his claims and filings have been heard and adjudicated upon the merits, up until now. What's more is that Petitioner has an unambiguous claim of ineffective assistance of counsel, and was denied a fair opportunity to establish his claim in the district court.

In the instant case, Petitioner was represented by attorney Mr. Leslie R. Leavoy Jr. During the course of pretrial proceedings counsel was adamant that he would beat these charges at trial despite Petitioner's desire to accept a plea deal. Unbeknownst to Petitioner, counsel was a chronic alcoholic who was fresh out of rehab, and on a binge. Not only did counsel advise Petitioner to reject a plea deal by the State, but counsel failed to communicate offers by the State, See Exhibits 01 and 02. On the day of trial counsel was intoxicated and blundered through the case, failing to put the State's case to a thorough adversarial testing, failing to call forth impeachment witnesses and materials, and failing to properly oppose the State's witnesses. Counsel was so intoxicated on alcohol that he could not attend the whole trial and was ultimately suspended during the trial, leaving Petitioner to be represented by another attorney. These facts demonstrate that Petitioner, against his wishes, was led to trial by Mr.

Leavoy and then abandoned to fend for himself. What's more is that Mr. Leavoy has a known history of misleading and lying to clients. See In Re: Leslie R. Leavoy Jr., 130 So. 3D 291 (La. 2015). Based upon these facts the Louisiana Supreme Court remanded Petitioner's case for an evidentiary hearing in the district court.

At the evidentiary hearing on the matter, Petitioner was prevented from bringing up the issue of counsel's alcoholism throughout the proceeding. Without being able to raise this issue, Petitioner was effectively denied the opportunity to establish how his attorney was ineffective. See Transcripts of Evidentiary Hearing, Exhibit 03. Had Petitioner been allowed to raise the issue of trial counsel's alcoholism related negligence at the trial hearing court, just as the La. Supreme Court did, the court would have found that counsel was ineffective throughout the pretrial process and the trial itself. The crux of the matter is that counsel persistently insisted that Petitioner take the matter to trial, and then because of his drunkenness abandoned Petitioner at trial to his own devices with another attorney.

The fact of the matter is that counsel's alcoholism prevented him from providing Petitioner with competent advice and from properly defending him at trial. What's more is that Petitioner has been denied the opportunity to fully establish this claim, and if this Honorable Court adjudicates Petitioner's claims on the merits, Petitioner asserts relief will be granted.

## CONCLUSION

Wherefore Petitioner prays that the Honorable Court find merit in Petitioner's objections and issue an ORDER overruling the Magistrate's R&R and direct that Petitioner's claims be heard and adjudicated upon the merits in light of due process and equal protection of law.

This _____ day of May, 2020.

S/:_____

Jeremiah Teno # 503411
456 Hwy. 15
Rayville, La. 71269

## CERTIFICATE OF SERVICE

I, Jeremiah Teno, certify that a true and exact copy of the foregoing has been served upon all parties via U.S. postal mail, postage paid, on this _____ day of May, 2020.

S/:_____

Jeremiah Teno # 503411
456 Hwy. 15
Rayville, La. 71269