UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JEREMIAH R. TENO<br>LA. DOC #503411 | * | CIVIL ACTION NO. 2:18-cv-1538<br>SECTION P |
| VERSUS | * | JUDGE JAMES D. CAIN, JR. |
| KEITH DEVILLE | * | MAGISTRATE JUDGE KAY |

## STATE'S REPLY TO PETITIONER'S OBJECTIONS TO

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Arising in the 36th Judicial District Court

In and For the Parish of Beauregard

State of Louisiana

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Respectfully submitted
**JAMES R. LESTAGE**
**District Attorney**
Post Office Box 99
124 South Stewart Street
DeRidder, LA 70634
Telephone: (337) 463-5578
Facsimile:  (337) 462-6925

By: Richard A. Morton
First Assistant District Attorney
ramorton@bellsouth.net

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMIAH R. TENO** | * | **DOCKET NO. 2:18-cv-1538** |
| **LA. DOC #503411** | | **SECTION P** |
| | | |
| **VERSUS** | * | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **KEITH DEVILLE** | * | **MAGISTRATE JUDGE KAY** |

### STATE'S REPLY TO PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This reply by the State of Louisiana is in response to the objections made by petitioner, Jeremiah R. Teno, to the Report and Recommendation (R&R) of Magistrate Judge Kathleen Kay. The R&R was filed on January 30, 2020, and petitioner filed his objections on June 8, 2020. The State was ordered on June 9, 2020, to file a reply not later than June 22, 2020. The State prays that this reply be deemed satisfactory to comply with this Court's order, and prays for leave of court to amend or further reply if found to be deficient by the Court.

The history and background of this case has been thoroughly documented by the entire state court record, consisting of approximately 1,988 pages, and was succinctly summarized in the "Background" section of the R&R. The State sees no reason to repeat the same information here except as required to specifically respond to petitioner's objections. Further, the State seeks to incorporate by reference its entire answer and opposition to defendant's petition for habeas corpus which was filed as Case Document No. 18 on April 23, 2019.

-1-

As stated in the R&R, petitioner filed his habeas petition beyond the one-year limitation period set forth in **28 U.S.C. §2244(d)(1)**. The chronology of the case is set forth in considerable detail at pages one through seven of the R&R. As noted, the one-year time limitation for filing a federal habeas petition runs from the date the judgment of conviction became final at the conclusion of the direct appeals (August 17, 2013) to the date the federal habeas petition was filed (November 26, 2018). Further noted is the rule regarding collateral attack: "The time during which a **properly-filed** application for post-conviction relief (PCR) is pending in state court is not counted toward the one-year limit. . . . However, any lapse of time before proper filing [of the PCR] in state court is counted." (R&R, page 8)

In this case, petitioner filed for PCR in the proper court of conviction, the state trial court, the 36th Judicial District Court in and for Beauregard Parish, Louisiana, on September 3, 2013. This was seventeen days after the judgment of conviction became final. The critical dates in the inquiry of timeliness is found in pages four through seven of the R&R. Unfortunately, those same critical dates did not get carried over accurately into the "Law & Analysis" section of the R&R on pages nine and ten, as set forth below. However, the final conclusion, set forth on page ten, that "a period of 636 days elapsed un-tolled between the date petitioner's judgment of conviction became final and the date he filed his federal habeas corpus petition" is accurate, except that it apparently did not include the seventeen days between finality of judgment and the filing of his PCR application. The actual correct number of un-tolled days is 653.

The heart of the timeliness issue involves petitioner's failure to timely file his writ application at the Louisiana Supreme Court within thirty days of the Third Circuit's judgment

-2-

(denial of his writ application) on his PCR [1] on February 16, 2017. (Record, p. 1841 of 1988) The R&R correctly stated that **Louisiana Supreme Court Rule X, §5(a)** provides that an application for supervisory writ "**shall** be made within thirty days of the *mailing of the notice* of the original judgment of the court of appeal." (Petitioner incorrectly asserts in his objections, at page eight, that "the period for seeking such review begins to roll *only once the petitioner receives* the adverse judgment, but that is directly contrary to the unambiguous **Rule X, §5(a)**.) As noted in the R&R, petitioner had until March 18, 2017, to file his writ application with the Louisiana Supreme Court, or his time for seeking review expired and his conviction and sentence became final on that date.

Unfortunately, in the last paragraph on page nine of the R&R, the court incorrectly mentioned the dates of "May 5, **2018**" and "March 28, **2018**" when the year both times should have been **2017**. Petitioner failed to file his writ application by March 18, **2017**, but instead was ten days late in depositing it in the Winn Correctional Center on March 28, **2017** (not 2018). Because of this unexcused delay, his collateral attack ceased to be a "**properly filed**" PCR and his untimely application to the Louisiana Supreme Court no longer served to interrupt or toll the one-year limitation period. Counting the "un-tolled" seventeen days between his convictions and sentences becoming final following the direct appeals on August 17, 2013, and the filing of the original PCR application on September 3, 2013 (Record, page 1198 of 1988) his one-year limitation for filing his federal habeas corpus expired on March 1, 2018. (March 18, 2017 to

---

[1] The R&R states in the second full paragraph on page nine ". . . thirty days from the date of the Third Circuit's judgment on his **direct appeal** . . . ." but clearly the reference should be to the denial of his writ application seeking review of the trial court's **denial of his PCR**.

March 1, 2018 = 348 days, plus seventeen = 365 days.)  Since petitioner did not file his habeas

petition herein until November 26, 2018, it was clearly not a timely-filed petition. [2]

In his objections, petitioner tried initially to justify the late filing of his PCR writ

application at the Louisiana Supreme Court by misinterpreting or misstating the Louisiana

Supreme Court rule that establishes thirty days from the **mailing of the notice** of the original

judgment of the court of appeal to file an application, by claiming the rule allowed thirty days

from **his receipt of the judgment**, and claimed he received it on February 22, 2017.

(Objections, page eight)  However, it still would have been untimely filed since he did not

deposit the application in the prison mail system until March 28, 2017, which is still beyond the

thirty-day mandatory period, even counting from February 22, 2017. [3]

Next petitioner attributes the default to the fact that he "is a lay-man with no formal

training in the law" who has consistently relied upon Offender Counsel Substitutes (OCS) to

prepare and file his pleadings.  (Objections, page eight)  However, under the law, a petitioner's

pro se status does not excuse an untimely-filed habeas petition.  Likewise, even the hard fact that

petitioner may have "just missed" the filing deadline does not warrant an exception under the

equitable tolling doctrine.  **Lookingbill v. Cockrell**, 293 F.3d 256, 264 (5th Cir. 2002).

---

[2] In the second full paragraph on page ten of the R&R, it is stated "Teno's post-conviction writ was no longer 'in continuance' as of **May** 18, 2017 . . ." but the correct date is **March** 18, 2017 (not May).  This error was repeated in footnote one on page ten of the R&R, where it is stated that ". . . the state post-conviction application ceased to be pending as of **May** 18, 2017 . . ." but the correct date was **March** 18, 2017. Despite these typographical errors, the conclusion is absolutely correct, that his habeas petition was clearly filed too late and must be dismissed.

[3] The Third Circuit judgment was rendered and notice mailed on February 16, 2017; see Record, page 1841 of 1988.

Furthermore, ignorance of the law, including the existence of the **AEDPA** [4] and its filing requirements, is insufficient to warrant equitable tolling. **Felder v. Johnson**, 204 F.3d 168, 171-72 (5ᵗʰ Cir. 2000); **Turner v. Johnson**, 177 F.3d 390, 391 (5ᵗʰ Cir. 1999).

Petitioner next blames his late-filed writ application at the Louisiana Supreme Court in March 2017 to the incredible timing of his OCS, Mark DeLafosse, allegedly being transferred to the Louisiana State Penitentiary at Angola for approximately three weeks for a legal seminar. Petitioner further alleges that Inmate DeLafosse departed Winn Correctional Center and locked all of petitioner's legal documents in his filing cabinet. He claims he was prevented from taking any action on his own to file anything on his own behalf due to DeLafosse's absence from Winn Correctional. However, none of this constitutes **state action** that prevented him from properly filing the appropriate pleadings with the Louisiana Supreme Court.

As set forth in the R&R, the Fifth Circuit has held that the **AEDPA**'s one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. (At page ten) However, this doctrine applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some **extraordinary way** from asserting his rights. A petitioner's failure to satisfy the statute of limitations must result from **external factors** beyond his control; delays of the petitioner's own making do not qualify. (Citations omitted)

Petitioner's assertion that he was totally dependent upon his OCS is contradicted by the state court records filed herein. The record clearly establishes that petitioner is intelligent and very well versed in the law and in filing his own pleadings at every level of the state court

---

[4] Antiterrorism and Effective Death Penalty Act of 1996, as amended.

system.  For example, at pages 218-221, petitioner filed his own writ of habeas corpus and motion to suppress evidence and statement in the trial court.  As noted at page two of the R&R, petitioner filed his own pro se appeal brief in his direct appeal to the Third Circuit, asserting four assignments of error not raised by his counsel.  Then in connection with the direct appeal to the Louisiana Supreme Court, petitioner again filed his own pro se brief urging an assignment of error not urged by his counsel, and in a demonstration of keen legal prowess, urged that the State erred in introducing "other crimes" evidence of a photograph of him in 2007 and further urged that the Third Circuit's harmless error analysis of this issue was incorrect.  Petitioner's reliance upon an OCS or anyone else is a choice made by him, not by the State of Louisiana or its agents.  The State did not create external factors beyond petitioner's control and the State is not to blame for his untimely-filed writ application at the Louisiana Supreme Court in March 2017.

Finally, in one more attempt to justify his late filing of the writ application to the state supreme court in March 2017, petitioner changed his facts to assert that **if** he was late, it was "because he was either transported to another facility where there was no law library or there was an inadequate law library where he could timely file into the courts." (Objections, at page nine) This is in direct contradiction to his blaming the transfer of his OCS, DeLafosse, for his failure to timely file this crucial writ application.  Petitioner had the personal responsibility to timely file any pleadings necessary to obtain review of the denial of his PCR action by the trial court and the Third Circuit, and he cannot avoid the consequences of noncompliance with the law.

Not to be deterred by the finding that his federal habeas petition was filed too late, petitioner launched into another attack on his trial defense counsel, Mr. Leslie Leavoy, by

making patently outlandish and false statements that "counsel was so intoxicated on alcohol that he could not attend the whole trial and was ultimately suspended during the trial, leaving petitioner to be represented by another attorney. These facts demonstrate that petitioner, against his wishes, was led to trial by Mr. Leavoy and then abandoned to fend for himself. . . . The crux of the matter is that counsel persistently insisted that petitioner take the matter to trial, and then because of his drunkeness abandoned petitioner at trial to his own devices with another attorney."

These allegations are completely false and the record demonstrates this to be untrue. The court minutes show that Mr. Leavoy was there in court at all times during the jury trial conducted on April 18 - 21, 2011. (Record, pp. 18-33) Mr. Leavoy was also there with petitioner when a plea agreement was being entered by petitioner, only to be rejected mid-stream, not by Mr. Leavoy but by the petitioner himself. The minutes from the first day of trial on April 18, 2011, show that jury selection had begun and then the jury venire was released and instructed to return at 1:30 p.m. At this time the parties announced they had reached a plea agreement and the process for receiving it began. In the middle of the Boykin colloquy, "the defendant through counsel indicates to the Court that he wishes to withdraw the guilty plea and go to trial." (Record, pages 19, court minutes; and pages 1443-1454, transcript of aborted guilty plea)

An extensive evidentiary hearing was conducted on April 26, 2016, in connection with petitioner's claim of ineffective assistance of counsel. (Record, pp. 1472-1592) The entire evidence introduced, other than the self-serving statements of petitioner, showed that every reasonable attempt was made to encourage petitioner to accept the plea agreement with the State and avoid the exposure to conviction of three felony crimes and the application of the habitual

-7-

offender law to his case. It was the petitioner, Jeremiah R. Teno, who was determined to take the matter to trial and let the jury render their verdicts. That is what Mr. Teno insisted on, not Mr. Leavoy. Petitioner's entire story about wanting to take the plea agreement but somehow being convinced to do otherwise by Mr. Leavoy is a complete falsehood.

Mr. Teno even admitted as much in his affidavit filed in connection with a motion for new trial filed by Mr. Leavoy on July 29, 2011 (months after the conclusion of the entire trial) and heard by the trial court on August 1, 2011 (Record, page 36; 322-325) Mr. Teno declared that he would have taken the plea bargain if he had known that the State would discover his previously-unknown third prior felony conviction in St. Mary Parish (a fact he certainly knew of) which would make him a fourth-felony habitual offender, not a third as the District Attorney's Office believed when it offered him the plea bargain. Once he learned he was then facing twenty years to life, he declared that if he had known that was his exposure, he "would have accepted the last plea offer instead of subjecting myself to a sentence of life in prison." (Record, page 328 of 1988) This proves it was petitioner's choice to go to trial and let the jury decide his fate. There is no merit to the claim of ineffective assistance of counsel. Petitioner has been fully heard and this claim has been fully litigated in the state courts and found to have absolutely no basis in fact. Nothing in this long record of judicial proceedings supports these allegations and respectfully, this Court should not be misled by petitioner's unfounded and untrue allegations to the contrary.

In conclusion, the State of Louisiana, defendant herein, prays that the objections filed by petitioner be overruled, and that the conclusions of the Report and Recommendation of Magistrate Judge Kathleen Kay filed on January 30, 2020, be adopted by this Court and

-8-

incorporated into the Court's judgment, and that the petition for habeas corpus filed by Jeremiah R. Teno be denied and dismissed with prejudice. The State further requests that this Court determine that there is no appealable issue presented by this petition and the Court's ruling, and deny a certificate of appealability.

Respectfully submitted:

JAMES R. LESTAGE
DISTRICT ATTORNEY
36th JUDICIAL DISTRICT
BEAUREGARD PARISH, LOUISIANA

BY:    /s/ Richard A. Morton
       RICHARD A. MORTON, LSBA #09756
       Assistant District Attorney
       Post Office Box 99
       DeRidder, Louisiana 70634
       Phone: (337) 463-5578
       Fax:    (337) 462-6925
       E-mail: ramorton@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing has been sent by certified mail to petitioner, JEREMIAH R. TENO, DOC #503411, at the address on his Objections, 456 Hwy 15; Rayville, LA 71269.

DeRidder, Louisiana, this 18th day of June, 20120.

/s/ Richard A. Morton
RICHARD A. MORTON

-9-