UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMIAH R. TENO #503411** | **CASE NO.  2:18-CV-01538 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH DEVILLE** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Report and Recommendation [doc. 25] recommending dismissal of the petition filed by Jeremiah R. Teno under 28 U.S.C. § 2254 as untimely under the one-year limitations period set forth under 28 U.S.C. § 2244(d). Mr. Teno has filed objections to the Report and Recommendation and the warden has filed a response. Accordingly, the matter is now ripe for review.

The exact amount of untimeliness is under dispute, but it is plain that several months have accrued past § 2244(d)'s one-year limit because Mr. Teno failed to file a timely writ application to the Louisiana Supreme Court from the Louisiana Third Circuit's ruling on his application for post-conviction relief. As the magistrate judge pointed out, Mr. Teno's PCR application then ceased to be properly filed and time accrued against the one-year limit from March 18, 2017, until he filed his § 2254 petition in this court in November 2018. Doc. 25. The court adopts these findings as to statutory untimeliness.

In his objections, Mr. Teno argues that he is entitled to tolling based on his pro se status and lack of familiarity with court rules. As the warden notes, this applies to most petitioners proceeding under 28 U.S.C. § 2254. *E.g.*, *Felder v. Johnson*, 204 F.3d 168, 171

(5th Cir. 2000). Accordingly, it does not rise to the level of extraordinary circumstances external to the petitioner that might excuse timely compliance with statutory deadlines. *Id.* Mr. Teno also alleges, however, that his Offender Counsel Substitute was temporarily transferred to a different facility around the time that Mr. Teno's writ application to the Louisiana Supreme Court was due and that he had locked Mr. Teno's paperwork in a cabinet, preventing timely filing. Doc. 35, p. 8. He also argues that logbooks at Winn Correctional Center will support his claim. The warden argues that this should not be considered a basis for equitable tolling either, because the state did not directly prevent Mr. Teno from filing his petition. The court disagrees but notes that Mr. Teno did not assert this basis when timeliness was first raised as an issue in the warden's original response. Accordingly, the court will allow Mr. Teno an additional **60 days** to submit proof in support of his claim of equitable tolling. If no such proof is provided, the court will consider the claim unsubstantiated and dismiss the petition as time-barred.

      **THUS DONE AND SIGNED** in Chambers on this 22nd day of June, 2020.

                                  */s/ James D. Cain, Jr.*
                                  **JAMES D. CAIN, JR.**
                         **UNITED STATES DISTRICT JUDGE**